EX PARTE WM. ACKER.

No. 5171.   Decided May 28, 1919.

1.—Disloyalty Act—Complaint—Statutes Construed.

While the Act of the Fourth .Called Session of the Thirty-fifth Legislature, known as the Disloyalty Act, is valid in so far as it denounced a breach of the peace, etc., yet in order to constitute the offense the language must be used in the hearing and in the presence of a citizen of the United States of America, and where the complaint failed to allege this the same was insufficient.

2.—Same—Practice on Appeal—Statutes Construed.

Under Article 206, C. C. P., where it is shown that there is probable cause to believe that an offense has been committed the defendant shall be admitted to bail for further proceedings, and under the facts of this case the relator is remanded for further proceedings.

From Washington County.

Original habeas corpus proceeding asking release from arrest under the disloyalty Act of the Thirty-fifth Legislature.

The opinion states the case.

*Mathis, Teague & Mathis* for the relator.—On question of constitutionality of the Act of the Legislature; Thomas v. Looney, 134 U. S., 372; Com. v. Felton, 101 Mass., 204; Ex parte Hollingsworth, 203 S. W. Rep., 1102; Ex parte Marshall, 72 Texas Crim. Rep., 83, 161 S. W., 112; French v. State, 14 Texas Crim. App., 76.

*B. F. Looney*, Attorney General, *E. B. Hendricks*, Assistant Attorney General, *C. M. Cureton* and *C. W. Taylor*, Assistant Attorney

Generals, for the State.—Cited Witherspoon v. Jernigan, 97 Texas, 98; Ross v. Terrell, 99 Texas, 502; Halter v. Nebraska, 205 U. S., 34; Martin v. State, 18 Texas Crim. App., 224; Stroube v. State, 40 Texas Crim. Rep., Crossley v. U. S., 168 U. S., 640; Clark v. Finley, 93 Texas, 171; Johnson v. Martin, 75 id., 33; Darnell v. State, 72 Texas Crim. Rep., 271, 161 S. W. Rep., 971.

DAVIDSON, PRESIDING JUDGE.—Applicant was arrested charged with a violation of the disloyalty Act of the Fourth Called Session of the Thirty-fifth Legislature. The charging part of the complaint is that he did "in the presence and hearing of Albert Werth and Aug. Eber use language which is disloyal to the United States and of such a nature as calculated to provoke a breach of the peace, against the peace and dignity of the State."

In Ex parte Meckel, recently decided by this court, this Act of the Legislature was held valid insofar as it denounced a breach of the peace by the use of the language or means denounced in Sec. 1 of said Act. In order to constitute the use of language which muse be disloyal and of such a nature as calculated to provoke a breach of the peace, it must be said in the hearing and in the presence of a citizen of the United States of America. It will be observed this complaint does not so charge, and on the face of it does not charge a violation of the statute. If the statute is valid, however, this would not authorize this court to discharge under a writ of *habeas corpus*. Art. 206, C. C. P. That article prescribes that, "Where, upon an examination under *habeas corpus*, it shall appear to the court or judge that there is probable cause to believe that an offense has been committed by the prisoner, he shall not be discharged, but shall be committed or admitted to bail, according to the facts and circumstances of the case."

What the language was is not stated, nor that it was stated in the hearing or presence of a citizen of the United States of America. Upon investigation of this matter by the justice of the peace before whom this complaint was lodged, or by the grand jury, this language might be ascertained, and it might be further ascertained that it was done in the presence and hearing of a citizen of the United States, and that such language was calculated to provoke a breach of the peace. If the evidence should disclose a probable case it may be sufficient to hold the accused for the action of the grand jury under article 206, C. C. P. Ex parte Oakley v. State, 54 Texas Crim. Rep., 608. As we observe, under the terms of the statute the language must first be disloyal; second, the language must be of such a nature as that it may be reasonably calculated to provoke a breach of the peace, and, third, it must be in the hearing and presence of a citizen of the United States of America. In order to constitute the offense under said article, these three things must concur, otherwise there would be no offense.

The facts are not before us, except insofar as the charge in the

complaint. The language is not set out, and it is not known, outside of a general statement, whether it was disloyal to the United States or not, nor that it was calculated to provoke a breach of the peace, nor is there any allegation that it was made in the presence and hearing of a citizen of the United States. But under Article 206, supra, we are of opinion that the applicant should not be discharged, but should be relegated to an examining trial before the justice of the peace before whom the complaint was lodged, where the matter may be fully investigated and all the facts elicited. Therefore, this court does not feel justified in discharging the prisoner, but remands him to custody to be tried before the examining court.

For the above reasons the application will be dismissed.

*Relator remanded to custody.*