## Ex Parte Newt De Silvia.

### No. 6025. Decided March 9, 1921.

1.—Habeas Corpus—County—Court—Caption—Variance—Provisions In Act—Constitutional Law.

Upon original *habeas corpus* proceeding, where relator alleged that he was convicted for a violation of the State law in the County Court of Jefferson County at Law, No. 2, organized under Chapter 61, of the Acts of the Thirty-fifth Legislature, Fourth Called Session, and contended that there

is a variance between the Act creating said County Court and its caption, and that, therefore, the law is obnoxious to Article 3, Section 35, of the Constitution; held: that the relator's contention must be upheld, and that he be discharged from custody.

## 2.—Same—Object of Constitutional Provision—Mandatory Provision.

The object of Article 3, Section 35, of the Constitution, is to apprise the people, by the caption of the Act, of the subjects of legislation that are being considered in order that they may have an opportunity of being heard thereon, and while the courts have been liberal towards construing the validity of the Act, they recognize that the provision of the Constitution is manndatory, Following Albrecht v. State, 8 Texas Crim. App., 217.

## 3.—Same—Title of Act—County Court—Corporation Court—Caption.

Where, the title of the Act in question gives notice that in Jefferson County a County Court at law is to be created, and the information is conveyed that the object was the creation of a County Court similar in its jurisdiction to the County Courts at law previously created, but the Act defining it consists of the elements of a Corporation Court, and it is declared to extend over offenses committed within the territorial limit of the city of Port Arthur, and is fundamentally different from that named in the title to the extent that no notice of it was given in the caption of the Act, the same is held to be unconstitutional.

## 4.—Same—County Court—County Judge—Tenure of Office—Constitutional Law—Delegation of Legislation Power.

In Section 15, Article 5, of the Constitution, the qualifications and tenure of office of the county judge is prescribed, and it is said that he should be elected in each county by the qualified voters, and the same rule is prescribed for the County Courts at law heretofore created under Section I, Article 5, of the Constitution. In the Act before this Court, the Legislature has delegated these duties to the governing body of the city of Port Arthur and left it optionary with that body to change the method at its pleasure. This is an unlawful delegation of power, and cannot be upheld.

## 5.—Same—Case Stated—Invalidity of Act—Constitutional Law.

If the court created be a Municipal Court, it is a fatal departure from the title of the Act; if it be a County Court at law, it should have been organized by a law passed by the Legislature; in either case the conviction of the relator is by a court not created and organized in the manner sanctioned by the Constitution.

From Jefferson County.

Original Habeas Corpus proceeding asking release from arrest under a fine of $100 assessed against him in the County Court of Jefferson County at Law, No. 2, and confinement in the county jail for 60 days.

The opinion states the case.

*F. G. Vaughn,* for relator.—Cited Murray v. State, 21 Texas Crim. App., 620; State v. Vincent, 217 S. W. Rep., 403.

*Alvin M. Owsley,* and *E. F. Smith,* Assistant Attorneys General, for the State.—Cited: Parker v. State, 61 Texas, 267; Fahey v. State, 11 S. W. Rep., 108; Morris v. Gussett, 62 Texas, 741. Ex Parte Walsh,

129 S. W. Rep., 118; Brown v. State, 122 S. W. Rep., 565; Joliff v. State, 109 id., 176; Harris County v. Stewart, 91 Texas, 133; Bennett v. State, 204 S. W. Rep., 333; Ex Parte Bennett, 211 S. W. Rep., 934; Renaud v. State, 51 L. R. A. 458.

MORROW, Judge.—The relator is under conviction for violation of the statute of the State. The judgment assessed against him is a fine of $100 and confinement in the county jail for sixty days.

He was convicted in a court known as the "County Court of Jefferson County at Law No. 2," organized under Chapter 61 of the Acts of the Thirty-fifth Legislature, Fourth Called Session.

The caption of the Act is as follows: "An Act to establish and create a Court to be known as the 'County Court of Jefferson County at law No. 2' and to prescribe its organization, jurisdiction and procedure, and to conform the jurisdiction and procedure of other courts thereto, and to declare an emergency."

In Section 2 the jurisdiction of the court is declared to extend over offenses committed within the territorial limits of the City of Port Arthur, which are set out and defined in the act. The offenses described are those of penal nature under the ordinances of the City and concurrently with other County Courts of the county "in all cases arising under the criminal laws of this State."

In Section 3 it is declared that the court shall hold its sessions as Port Arthur, that a judge shall preside over it known as Judge of the County Court of Jefferson County at Law No. 2, "who shall be appointed in the manner now provided by the existing Charter and Ordinances of said City for appointing the Recorder of the Recorder's Court of said City, or in accordance with such Charter and Ordinances as may be hereafter adopted by said City, for appointing a Judge for the Court hereby created." The tenure of office, qualification and removal of said judge and filling any vacancy in said office are governed by the Charter and Ordinances of said City, relating to the Judge of the Recorder's Court of said City "as now existing or as hereafter amended." Other provisions of the Act provide for procedure in the court and for rules governing such bodies of the State and for application of fines and costs to the use of the city.

Appellant insists that there is a variance between the act and its caption and that therefore the law is obnoxious to the constitutional provision requiring the subject to be stated in the title. (See Constitution, Art. 3, Sec. 35.) That a title which is misleading, that is, one which imports a subject different from that to which the law relates does not comply with the constitutional provision, seems obvious. It has been so held in numerous cases. Ruling Case Law, Vol. 25, p. 864, Sec. 108, note 3.

One object of the constitutional provision mentioned is "to fairly apprise the people, through such publication of legislative proceedings

as is usually made, of the subjects of legislation that are being considered, in order that they may have opportunity of being heard thereon, by petition or otherwise, if they shall so desire." Cooley's Const. Limitations, 7 Ed. p. 205.

The courts, in construing the provisions in connection with legislative acts, have, throughout the history of the State, been liberal toward the validity of the Act. Notwithstanding this practice, they recognized that the provision of the constitution is mandatory, and that when viewing the Act in the light of the liberal policy mentioned, if it cannot be fairly said that the caption is not misleading, the law or the part of the law which is variant from the title, of the Act must give way. Giddings v. San Antonio, 47 Texas 548; Albrecht v. State, 8 Texas Crim. App. 217.

The title of the Act in question gives notice that in Jefferson County a *"County Court at Law"* is to be created. One interested in legislation, whether in the Legislature or out of it, would be apprised that the object was the creation of a court, similar in its characteristics to the numerous courts bearing the same name that had previously been created by the Legislature and which, at the time, were vital parts of the statutes of the State, and one of which was in Jefferson County.

The jurisdiction of the County Courts at Law previously created embraced the authority over the territory of a county, and, generally speaking, all such matters, civil and criminal, as were conferred by the constitution upon the County Court, save in probate matters. The terms were fixed by the law and its sessions were held at the county seat. The method of election and the qualifications of the judge were the same as those prescribed by the Constitution with reference to the judge of the County Court. The money received from fines and costs was the property of the State and its officers. Revised Statutes, 1911, page 401; Vernon's Civil Statutes, 1916, Sections 1788 to 1811 inclusive.

The court created, while bearing the name of "County Court at Law" consists of the elements of a corporation court, exercising power similar to some that have been conferred upon corporation courts in the special Charters of some of the cities. (See Ex parte Bennett, 85 Tex. Crim. Rep. 315). In the territory it covers, in the jurisdiction conferred upon it, in the location of the court, in the selection of its officers and their tenure of office, in the disposition of its revenue, in the manner of selecting the jurors, in the officers who execute its process, in the manner of fixing their compensation, in the limitations of the right of appeal, the court created was fundamentally different from that named in the title. So different that notice of it was not given in the caption of the Act creating it as required by the constitution. If this conclusion should be doubtful or wrong, and if the court created can be classified as a County Court at Law, there exists grave question of its validity. The power under which the Legislature may create County

Courts at Law is that conferred by Sec. 1 Art. 5 of the Constitution, from which we quote:

"The Legislature may establish such other courts as it may deem necessary and prescribe the jurisdiction and organization thereof, and may conform the jurisdiction of the district and other inferior courts thereto." (See Harris' Constitution, page 356.)

In Section 15, Article 5 of the Constitution, the qualifications and tenure of office of the county judge is prescribed, and it is said that "he shall be elected in each county by the qualified voters." So far as we are aware in the creation of the County Courts at Law, which has been done from time to time since 1907, the Legislature has deemed it either necessary or expedient to prescribe with reference to the judge of the County Court at law the tenure of office and method of election the same as that named in the constitution for the county judge. Whether this be necessary, we need not decide. It illustrates that, as interpreted by the Legislature in the creation of such courts, they have construed Art. 1, Sec. 5, *supra*, to require that the Legislature, in complying with the requirements in the Constitution, that it "shall provide for the organization of the court created," shall name the qualifications, tenure of office and method of election of the judge.

In the Act before us, the Legislature has delegated this duty and power to the governing body of the city of Port Arthur, and left it optionary with that body to change the method at its pleasure.

Section 3 of the Act in question says that the judge "shall be appointed. in the manner now provided by the existing Charter and Ordinances of said City for appointing the Recorder . . . or in accordance with such Charter and Ordinances as may be hereafter adopted by said City."

While to the general rule prohibiting the delegation of legislative powers there is an exception in favor of vesting in municipal corporations matters of purely local concern, the exception is limited and does not embrace the right of the Legislature to delegate its authority to control the organization of courts specially committed to it. See Cooley's Const. Limitations, pages 163 and 167; Ruling Case Law, Vol. 6, page 169, Sec. 168; Ruling Case Law, Vol. 17, page 706; Re Cloherty, 2 Wash. 137; Pittsburgh's Petition, 138 Pa. 401; State v. Sawyer County, 140 Wis. 634; Lyle v. State, 80 Texas. Crim. Rep. 607.

If the court created be a municipal court, it is a fatal departure from the title of the Act.. If it be a "County Court at Law," it should have been organized by a law passed by the Legislature. The delegation of essential features of the organization of a county court at law to the city government was not valid. In either case, the conviction of the relator is by a court not created and organized in the manner sanctioned by the constitution.

He is therefore ordered discharged.

*Relator discharged.*