Ex Parte Bill Heartsill.

No. 13872.   Delivered May 6, 1931.
Rehearing Denied May 27, 1931.
Second Rehearing Denied June 10, 1931.

The opinion states the case.

*Barret Gibson,* of Marshall, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—This is an appeal from a judgment of the district court of Harrison county remanding appellant to the custody of the sheriff of said county. Appellant sought by habeas corpus to be discharged under a capias issued following his indictment for the offense of deserting his minor children.

Appellant attacks as unconstitutional the act of the Legislature appearing in chapter 195, Acts Regular Session of the 41st Legislature, which seeks to amend article 602, P. C. 1925, making penal the act of deserting a wife, or minor child or children, the ground of attack being that the law-makers made changes in the body of the act material to the definition of the offense which were not within the scope of the caption of the bill as passed. All laws passed by the legislature of this state originate in bills, upon each of which must appear a caption or title, and section 35, article 3 of our Constitution forbids that any bill, with certain exceptions, shall contain more than one subject, which shall be expressed in its title. It has been held by the courts that when the express verbiage of such title limits and restricts the purpose of the bill, any attempt to legislate otherwise in such bill variant from the purpose prescribed, is in excess of the legislative power, and that a law subject to this complaint is unconstitutional. Ward Cattle & Pasture Co. v. Carpenter, 109 Texas, 105, 200 S. W., 521; Ex parte De Silvia, 88 Texas Crim. Rep., 635, 229 S. W., 542; Hamilton v. Ry. Co., 115 Texas Crim. Rep., 455, 288 S. W., 475; Gulf Pro. Co. v. Garrett, 24 S. W. (2d) 389; Bitter v. Bexar Co., 11 S. W. (2d) 168; Singleton v. State,

53 Texas Crim. Rep., 626, 111 S. W., 736; Adams v. Waterworks Co., 25 S. W., 606.

The caption of House Bill No. 220, which is chapter 195, supra, is as follows:

"An Act to amend Article 602 of the Penal Code of the State of Texas, 1925, so as to make the offense of desertion of wife or child a felony, providing a penalty therefor, and declaring an emergency."

Comparison of article 602, P. C. 1925, with the amendatory act set out in said chapter 195, supra, makes obvious the fact that by the latter act the definition of the offense of desertion of wife or children was materially changed. The words "Destitute or", pertaining to the definition of wife desertion, are stricken out in the amendatory act. The words "In destitute or necessitous circumstances," in that part of the defined offense pertaining to the desertion of children, are stricken out in the amendatory act. That such changes from the form and substance of article 602, 1925 P. C. were material, is apparent. To the mind of an interested public or legislature whether in favor of or against such law, but who might derive their knowledge of the purport or content of the amendatory bill from perusal of its title or caption, there might be much difference of attitude toward a bill which purported to make a felon of one who deserted his wife or children in destitute and necessitous circumstances, from what it would be toward such bill if its manifest purpose was to thus punish one who left them with opulent relatives, friends or abundant means of support.

The caption of the amendatory act as passed restricted the purpose of the bill to the one single change, i. e. a change in the penalty for the offense. The framers of the bill thus informed the public and their fellow legislators that the purpose of the bill was to make a felony of that which theretofore had been a misdemeanor. In the body of the bill substantial changes were made in the definition of the offense. The bill thus went beyond the express limitation of its caption, and under our Constitution and authorities this destroyed its effectiveness as a law.

Being constrained to hold that the amendatory act must fall, it would seem but proper for us to observe that the law in effect prior thereto will be again recognized as the law of this state, there being nothing in House Bill 220 expressly repealing old article 602, supra.

The question arises as to what should be further said by us in this case. It appearing from the record before us that appellant is held under an indictment regularly presented by a grand jury of Harrison county charging him with the offense of desertion of his children, and the only question properly before us being the constitutionality of the law, it will be our duty to affirm the judgment remanding the appellant. This court has frequently held that questions as to the sufficiency of the indictment can not properly be here raised upon habeas corpus hearing.

Ex parte McKay, 82 Texas Crim. Rep., 221, 199 S. W., 637; Ex parte Garcia, 90 Texas Crim. Rep., 298, 234 S. W., 892; Ex parte Jarvis, 109 Texas Crim. Rep., 52, 3 S. W. (2d) 84; Ex parte Evans, 109 Texas Crim. Rep., 231, 4 S. W. (2d) 67; Mollohan v. State, 110 Texas Crim. Rep., 423, 10 S. W. (2d) 86.

The judgment will be affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—Asserting that there can be no prosecution maintained under the indictment described in the original opinion, the appellant, through his counsel, contends that the court was in error in failing to order the discharge of the accused. The contrary view is entertained in view of article 157, C. C. P., which declares in substance that if there is reason for belief that an offense has been committed, the prisoner should not be discharged because the proceeding under which he is held was irregular or void. To the same effect is article 158, C. C. P. See Ex parte Nelson, 84 Texas Crim. Rep., 570, 209 S. W., 148; Ex parte Garner, 93 Texas Crim. Rep., 179, 246 S. W., 371; Ex parte Lowe, 94 Texas Crim. Rep., 307, 251 S. W., 506; Ex parte Acker, 85 Texas Crim. Rep., 364, 212 S. W., 500. Other cases are collated in Vernon's Ann. Texas C. C. P., 1925, vol. 1, pp. 150-151.

The motion for rehearing is overruled.

*Overruled.*

## ON REQUEST FOR LEAVE TO FILE SECOND MOTION FOR REHEARING.

HAWKINS, Judge.—Appellant has requested leave to file a second motion for rehearing, in which he still insists that relator should have been discharged.

The amendatory act (referred to in our former opinion herein) being held unconstitutional would seem, under the terms of the act, to leave the misdemeanor statute still in operation, and it occurs to us the proper course would be for the district court to transfer the case to the county court. For that reason relator was not discharged.

The request for leave to file second motion for rehearing is denied.

*Denied.*