G. G. McBRAYER v. THE STATE.

No. 14270.   Delivered June 3, 1931.

The opinion states the case.

*Wm. J. R. King,* of Longview, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is the failure to support a minor child; penalty assessed at confinement in the county jail for a period of seventy-five days and a fine of $25.

The indictment charges a felony as defined by article 602, P. C., 1925, as amended by chapter 195, Acts of 41st Legislature, Regular Session (Vernon's Ann. P. C., art. 602). As the offense is defined by article 602, supra, it is a misdemeanor. The amendment attempts to make it a felony. It was recently decided by this court in Ex parte Heartsill, 118 Texas Crim. Rep., 157, 38 S. W. (2d) 803, that

the amendment was void in failing to comply with the constitutional provision touching the caption of the bill as set forth in article 3, section 35, Const. of Texas. In the decision mentioned, article 602, supra, as it appears in the Penal Code, 1925, was held not affected by the passage of chapter 195, supra. The offense being a misdemeanor, the trial would ordinarily be had in the county court, unless it came within one of the exceptions named in article 5, section 16, and article 5, section 22, of the Constitution. Whether the facts bring the case within the juristion of the district court is not disclosed by the record. However, it was treated as a felony and the appellant was convicted of a felony, as defined by chapter 195, supra, which statute was void in failing to comply with the constitutional provisions.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*