Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, P. J.

Theft of turkeys is the offense; penalty assessed at confinement in the penitentiary for one year.

Two white turkeys (a gobbler and a hen) were stolen from the home of Floyd Jackson on a Sunday night. On the following morning they were returned by Hunt, a constable. Jackson lived in the town of Grandview in Johnson county. The turkeys were recovered at Maypearl, in Ellis county. The distance between the two places was a number of miles. The appellant was in jail when Hunt reached Maypearl.

From the witnesses Tirey and Beard, it was shown that about 11:30 on Sunday night they observed a car with no one in it, about three-fourths of a mile from Maypearl. In the car were two stolen turkeys, an overcoat, a pair of overalls, and two hats. One of the hats belonged to the appellant. Beard and Tirey watched the car for some time, and finally took it to Tirey's home. Early the next morning the appellant and two other negroes passed Tirey's house, going in the direction of Maypearl, in a different car. Later the appellant, driving the car last mentioned, against passed Beard's house, going towards Grandview, when he was arrested. He attempted to escape. In the car in which he was riding there was found a part of a shirt which was made of cloth like that with which the stolen turkeys were tied. Jackson was also charged with the offense, but had apparently fled at the time of the trial.

In his testimony, the appellant claims that he spent the night at his home, and that early the next morning Jackson appeared, and, at his request, the appellant borrowed an automobile from Ray Roberts, in which they went out into the country together. Jackson got out of the car and the appellant drove it to Maypearl, where he was arrested. The appellant's father testified that he did not see the appellant Sunday night, but saw him early Monday morning.

The only question presented is the sufficiency of the evidence. We have been furnished with no brief, and are not able to say that the evidence is insufficient, when measured by the rule applicable to circumstantial evidence.

The judgment is affirmed.

## JOHNSON v. STATE.
### No. 14533.

Court of Criminal Appeals of Texas.
Nov. 25, 1931.

Floyd Harry, of Farmersville, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

HAWKINS, J.

Appellant was convicted for the desertion of his child, under 16 years of age. Punishment, 90 days' confinement in the county jail.

Prosecution was for a felony under the provisions of chapter 195, Acts 41st Legislature (1929), Regular Session, p. 427, which sought to amend article 602, P. C. The amendatory act in question has been held unconstitutional because of a defective caption. See Ex parte Heartsill (Tex. Cr. App.) 38 S.W.(2d) 803; Smith v. State (Tex. Cr. App.) 39 S.W.(2d) 53; McBrayer v. State (Tex. Cr. App.) 41 S.W.(2d) 245. It necessarily follows that the prosecution under said chapter 195 must fall.

The judgment is reversed, and the cause remanded.