# OCTOBER, 1935

HART McCORMICK, DISTRICT CLERK, v. GEORGE H. SHEPPARD, COMPTROLLER, AND CHARLEY LOCKHART, TREASURER.

No. 6923. Decided October 2, 1935.
(86 S. W., 2d Series, 213.)

*Leonard Brown,* of San Antonio, for relator.

Where a law defining and creating an offense has been passed by the Legislature, signed by the Governor and indictments returned by the Grand Jury, and the clerk of the court has performed the duties required of him under such law, he is entitled to the fees so earned by him in such cases upon his presenting an accounts of such fees to the Comptroller, upon which deficiency warrant was issued, and the Comptroller and the Treasurer should honor such warrant, even though after the fees were earned the statute defining and creating such offense was held unconstitutional and void. Sessums v. Botts, 34 Texas, 335; Texas Co. v. State of Arizona, 254 Pac., 1060, 53 Am. Law Rep., 258.

*William McCraw*, Attorney General, *W. W. Heath*, and *Pat M. Neff, Jr.*, Assistants Attorney General, for respondents.

A district clerk is not entitled to any fees of office for any work that he may have done in criminal cases under a law that has been declared unconstitutional, as an unconstitutional act is not the law. Corsicana Cotton Mills v. Sheppard, 123 Texas, 352, 71 S. W. (2d) 251; Norton v. Shelby County, 118 U. S., 426; Denison Mfg. Co. v. Wright, 156 Ga., 789.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

This is a mandamus proceeding brought by Hart McCormick, District Clerk of Bexar County, Texas, against George H. Sheppard, Comptroller, and Charley Lockhart, State Treasurer, to require the issuance of State warrants for certain fees of office claimed by relator and the payment of same from the Treasury of the State. As there is no controversy as to the services rendered and the amounts due, provided they are allowable and payable under the laws of this State, we will proceed at once to state the legal questions for decision.

*First.* By Article 1026 of the Code of Criminal Procedure it is provided that the district clerk in counties such as Bexar shall receive fees as follows: "Eight Dollars for each felony case finally disposed of without trial or dismissed, or tried by jury whether the defendants be acquitted or convicted."

By Chapter 195 of the Acts of the Regular Session of 1929 the Legislature attempted to amend Article 602 of the Penal Code of 1925, so as to make the offense of deserting a wife or minor child or children a felony rather than a misdemeanor. Under this article as amended indictments were regularly returned into the District Court of Bexar County against a large number of persons, charging them with a felony for the desertion of wife or children. Upon the return of such indictments the district clerk docketed the cases, issued the necessary process, and upon final disposition of the cases, entered the appropriate judgments or orders. Apparently the district clerk performed in these cases the same services usually performed by him in other felony cases tried or disposed of in his court.

· On May 6, 1931, the Court of Criminal Appeals of this State, in the case of Ex Parte Heartsill, 118 Texas Crim. Rep., 157, 38 S. W. (2d) 803, declared the Act of 1929 unconstitutional and void, and held that the prior act making such an offense a misdemeanor was still in force and effect.

Of the amounts claimed by the relator the sum of $784.00 represents fees charged in ninety-eight cases at $8.00 for each case as felony cases while this unconstitutional law was in effect. The contention of relator is that as the law defined the offense to be a felony, and as indictments were returned charging felonies, and as he performed the services required of him as if the cases were felony cases, he is entitled to the fees, notwithstanding it was later held by the Court of Criminal Appeals that the law was void and only misdemeanors were in reality charged by the indictments. He further says that he was not required to pass upon the constitutionality of the Act, but, as an administrative officer, was required to act under the law as valid and perform the services required as if the offenses charged were felonies; and that as they were actually disposed of as felonies (sometimes by conviction and sometimes otherwise) he is entitled to his fees the same as in other felony cases.

■ Although the writer entertains a different view, it is the opinion of the Court that under these circumstances the relator is entitled to the fees provided by Article 1026, mentioned above. The Court is of the opinion that as there is a valid general statute allowing a clerk $8.00 in each felony case, and as the law under which these services were rendered was to all intents and purposes a felony law, until declared unconstitutional, and was observed and given the effect of a felony law by the courts in these particular cases before being declared unconstitutional, it is a fair and reasonable construction of the law to hold that the clerk is entitled to his fees.

As to this item of $784.00 the mandamus will be granted.

*Second.* Of the fees claimed by relator there are items aggregating $600.00 which were charged in juvenile cases on the theory that they were felony cases. With reference to these charges it appears that indictments were duly returned into the district court charging certain persons with felonies. Apparently in most of the cases, if not practically all, the indictments did not disclose on their face that the defendants were juveniles. In a large number of the cases the defendants were, after hearing before the district judge, declared to be juveniles and the cases were transferred to the juvenile authorities. In other cases affidavits were filed by the defendants and upon such affidavits the causes were transferred to the proper authorities. In a few cases the defendants were juveniles, but no affidavits were filed stating such fact. It is not

shown what disposition was made of such cases, but we assume they were transferred as provided by the law.

Article 1083 of the Code of Criminal Procedure defines a "delinquent child." By this article it is provided that a boy under the age of 17 years or a girl under the age of 18 years who violates any penal law of the State shall be deemed to be a "delinquent child." By Article 1085 provision is made for proceedings against a delinquent child, and it is provided that in any such proceeding where it is shown upon the face of the information that the person proceeded against is a boy under the age of 17 years or a girl under the age of 18 years the proceeding "shall not be regarded as charging said child with a felony or misdemeanor, but as a delinquent child."

By Article 1084 it is provided that in case an indictment is returned against a person which on its face does not disclose that the defendant is a juvenile, if an affidavit is timely filed setting up the fact that the defendant is a juvenile, the judge shall hear proof and if he finds that the defendant is a boy under the age of 17 years or a girl under the age of 18 years, the case shall be transferred to the juvenile docket and the defendant shall be proceeded against as a delinquent child.

■ A careful consideration of these statutes makes it clear, we think, that although an indictment may in form charge a person with a felony, or even if the offense charged is a breach of a felony statute, if in fact the defendant is a boy under the age of 17 years or a girl under the age of 18 years, whether such fact be disclosed by the face of the indictment, or by affidavit filed in the cause, or is found by the district judge upon hearing, the offense is not in fact to be considered a felony, but the defendant is regarded by law as a delinquent child, and the proceeding becomes one of that nature. This being true, it is obvious that relator is not entitled to the fees in question under Article 1026 allowing $8.00 for each felony case.

The mandamus will be refused as to these items aggregating $600.00.

*Third.* Relator claims fees to the amount of $299.20 for entering judgments in habeas corpus cases, where the indictments alleged felonies in wife and child desertion cases under the Act of 1929. He also claims fees to the amount of $127.20 for entering judgments in habeas corpus proceedings, where the indictments were returned against juveniles.

■ Article 1026 (Code of Crim. Proc.), among other things,

provides a fee of "eighty cents for entering judgment in habeas corpus cases." A writ of habeas corpus lies when a person is restrained of his liberty regardless of the offense charged. A habeas corpus proceeding is independent of the offense charged and there is nothing in the statutes which shows that the payment of the fee depends upon the final disposition of the case. The Attorney General argues that because the policy of the law is clearly against the payment of costs by the State in any case where the defendant is convicted of a misdemeanor only, that Article 1026, in so far as it allows 80 cents for entering judgment in habeas corpus cases, should be construed as limiting the payment to proceedings in felony cases only. We think that proceedings for writs of habeas corpus are to be regarded as in a special class, and the costs incident thereto are not to be regarded as costs in the main case. The State for various reasons is peculiarly interested in protecting the liberty of the individual. In many instances the issuance of the writ is calculated to relieve the State or county from large expense. There is therefore ample consideration to authorize the payment of the fee by the State, and we do not think the Legislature intended that the fee for entering judgment in habeas corpus cases was to be limited to felony cases only.

The mandamus as to these items aggregating $426.40 will be granted.

Opinion adopted by Supreme Court October 2, 1935.