**PRAETORIANS v. STATE.**

No. 9470.

Court of Civil Appeals of Texas. Austin.
Nov. 29, 1944.

Rehearing Denied Dec. 13, 1944.

J. W. Randall and M. L. Vickrey, both of Dallas, for appellant.

Grover Sellers, Atty. Gen., and Geo. W. Barcus, Robert O. Koch, L. P. Lollar, and Ocie Speer, Asst. Attys. Gen., for appellee.

BAUGH, Justice.

Suit was by the State to recover contributions and penalties claimed to be due by the Praetorians under the Unemployment Compensation Act of Texas (hereafter referred to as the Act) on compensation paid by the Praetorians to its insurance solicitors and agents between April, 1939, and October, 1941. Trial was to the court without a jury, and judgment rendered for the State for $11,083.16; hence this appeal.

The appellant is a fraternal benefit association without capital stock, operated under a lodge system of government, for the sole benefit of its members as beneficiaries and not for profit, in accordance with Title 78, Chap. 8, R.C.S. 1925, as amended, Vernon's Ann.Civ.St. art. 4716 et seq. The compensation paid to its agents and solicitors was on a commission basis. Prior to April 1, 1939, and subsequent to October 1, 1941, "agents of insurance companies who collect their compensation on a commission basis" are and were expressly excluded from the terms of the Act. The contributions claimed and here involved are referable to and dependent upon amendments to the Unemployment Compensation Act made in Senate Bill 21 enacted at the Regular Session of the 46th Legislature, which became effective on March 14, 1939, Vernon's Ann.Civ.St. art. 5221b—1 et seq.

The first contention presented by appellant is that, insofar as Sec. 19 of that amendment, Vernon's Ann. Civ. St. art. 5221b—17, applies to the appellant it is invalid under the provisions of Art. 3, Sec. 35, of the Constitution of Texas, Vernon's Ann.St., because of defective title.

The purposes and essential requirements of the caption or title of a legislative act, in relation to the provisions of the body of the act, have been frequently reviewed by the courts and are now well settled. They are set forth in extenso in 39 Texas Jur., §§ 47 and 48, pp. 100–102. A somewhat stricter rule of conformity of the title to the subject matter legislated upon in the body of the act is applied to amendments than to titles of original acts,

See Doeppenschmidt v. International & G. N. R. Co., 100 Tex. 532, 101 S.W. 1080; and Rutledge v. Atkinson, Tex.Civ.App., 101 S.W.2d 376. It is well settled that where the caption of an amendatory act merely refers to an article or section of an existing law, as being the subject matter amended, such reference is sufficient to put anyone interested upon inquiry as to the nature and extent in the proposed amendment. But as stated by this court in Landrum v. Centennial Rural High School Dist. No. 2, Tex.Civ.App., 134 S.W.2d 353, 356: "No rule is better established than the one that where the title or caption of an act specifies the particular field of the amendment, and that it is to cover or state a particular purpose to make a change in a prior statute, the amendment is limited to the making of the specific change designated in its title, and precludes any additional, contrary, or different amendment than that stated in the title." See also Ward Cattle & Pasture Co. v. Carpenter, 109 Tex. 103, 105, 200 S.W. 521; Ex parte Heartsill, 118 Tex.Cr.R. 157, 38 S.W.2d 803.

The original Unemployment Compensation Act was passed by the 3rd called session of the Forty-fourth Legislature (Chap. 482, S.B. No. 5) as a comprehensive act consisting of 25 sections, the first 20 embodying its vital provisions, and each section dealing with a separately captioned subject matter. Section 19 is captioned "Definitions." Numerous terms used in the Act are therein defined. Subdivision (g) of Sec. 19 defines the term "Employment," and excludes from said definition nine different classes of employees, e. g. state employees, municipal employees, agricultural laborers, domestic servants, etc. Subsection (9) of subdivision (g) provides:

"In determining employees under this Act and in determining employers under this Act, and in determining wages under this Act, neither term shall include employment of or service by agents of insurance companies who collect their compensation on a commission basis."

These classes are excluded from the provisions of the Act under what the Legislature designated as "definitions" of terms. The effect was to exempt them from its terms, wherein without such exceptions they would have come under the Act. The 1939 Act (S.B. 21, Reg. Ses. 46th Leg.) rewrites many of the provisions of the original Act, retaining the same section numbers as the original Act, and the same subject "Captions" applicable to each section; and ·in amending Sec. 19 under the caption "Definitions," subsection (9) of subdivision (g) of the original Act, excluding from its provisions insurance agents paid on commission basis, was entirely omitted. It is by virtue of such omission in the amendment that appellant became subject, if at all, to the terms of the Act, and under which the contributions are claimed in the instant suit.

The caption or title of Senate Bill 21 reads as follows:

"An Act to amend the subject matter embraced in Section 3, Section 4, Section 7, Section 13 and Section 19 of Chapter 482, Acts of the Forty-fourth Legislature, Third Called Session, as amended by Section 1, Section 2, Section 3, Section 5 and Section 7, respectively, of Chapter 67, Acts of the Forty-fifth Legislature, Regular Session, and Section 5, Section 6, Section 8, Section 9, Section 14, and Section 16 of Chapter 482, Acts of the Forty-fourth Legislature, Third Called Session; imposing a tax on employers of eight or more persons; providing for benefits; fixing benefit eligibility conditions and certain disqualifications for benefits; providing a merit rating for determining the amount of contributions by employers; fixing the duration of coverage; making provisions with reference to the administration of the Unemployment Compensation Fund; and with reference to the administration of the Unemployment Compensation Administration Fund; providing additional means for the enforcement of the collection of contributions; providing for the making of audits by the Commission, and filing of reports by employers; and providing that such reports or audits when made, constitute prima facie evidence of liability for taxes hereby imposed; providing for the granting of injunctions and appointing of receivers as aids in .the collection of the tax hereby imposed; adding certain penalty provisions; defining certain additional terms; adding new sections to be known as Section 19-A and Section 19-B, which provide for the effective date of this Act and for the repeal of all laws and parts of laws in conflict herewith; and declaring an emergency."

A comparison of the caption of the amendment with the terms and provisions of the original Act clearly discloses that in addition to designation of the sections

of the original Act sought to be amended, the caption goes further by referring to the subject matter contained in these various sections, indicates the matters dealt with in the amendment, and that certain changes in the original Act are being made in the amendment. Such as, "providing *additional* means 'for the enforcement of the collection of contributions; * * * providing for the granting of injunctions and appointing of receivers, * * *; *adding* certain penalty provisions; defining certain *additional* terms; *adding* new sections," etc. (Italics ours). That is, in addition to designating the sections of the original Act, the caption goes further and indicates the particular field of the amendment and the character of the change the body' of the Act seeks to make. The clause of the caption stating that one of the purposes of the Act is that of "defining certain additional terms" can refer only to Sec. 19, the only section containing "Definitions." It does not indicate that any change in former definitions is being made, nor, as to that, that any prior definitions of terms are being either altered or omitted. It purports to deal only with definitions of "additional terms." The situation thus presented is the same in principle as that presented in the Ward Cattle & Pasture Co. v. Carpenter, supra. There the original Act (Art. 7235, R.S. 1911) authorized numerous named counties, including Matagorda County, to hold elections to determine whether stock should be permitted to run at large. In 1913, c. 72, the Legislature undertook to amend that law by adding other named counties to those already authorized by law to hold such elections. In the amendment rewriting the law (which S.B. 21 undertook to do as to Sec. 19 in the instant case) Matagorda County was omitted in the amended law. In that case the caption to the amendment, after reciting the statute to be amended, stated that the purpose of the amendment was "so as to include Ochiltree * * *" and other named counties. It gave no indication that any counties theretofore authorized to hold such elections under the statute being amended had been omitted therefrom. In that case the Supreme' Court, speaking through Chief Justice Phillips, stated:

"The purpose of the constitutional provision in respect to the title of legislative acts is well understood. It is that by means of the title the legislator may be reasonably apprised of the scope of the bill so that surprise and fraud in legislation may be prevented. True, according to previous decisions of this court, if the title had only declared that the purpose of the Act was to amend Article 7235 of the Revised Statutes, it would have supported an act amending the article so as to omit Matagorda County. But with this title announcing, as it does, that the article was to be amended in a particular way, no legislator would reasonably have conceived that it was to be amended in another way exactly contrary to that stated."

■ Applying this rule to the instant case it is clear, we think, that there is nothing in the clause of the caption relating to Sec. 19 of the original Act, amending such section by "defining certain *additional* terms," which would indicate that former definitions (which were in effect exemptions) were being entirely omitted or so altered as to mean exactly the contrary. Consequently that portion of the amendment which omitted subsection (9) of subdivision (g) of Sec. 19 of the original Unemployment Compensation Act, is void because of such defective caption; and the original Act, which excluded from its provisions insurance agents and solicitors paid on a commission basis, continued in force. Under it the State was not authorized to recover the contributions claimed.

Three other points of error presented by appellant, assuming the validity of the amendment as including appellant in the provisions of the Act, are:

1. That the Legislature has declared fraternal benefit societies to be charitable and benevolent institutions and exempt from all taxes "other than taxes on real estate and office equipment when same is used for other than lodge purposes" Art. 4858 and 4858a, RCS, 1925, as amended, Vernon's Ann.Civ.St. arts. 4858, 4858a; that such exemption is a special act, is in pari materia with, and controls as against the general Unemployment Compensation Law.

2. That being a charitable and benevolent institution, it is excluded from the terms of the amended Act under the provisions of Sec. 19(5) (G) of said Act as amended.

3. That its solicitors and agents are and were independent contractors and not em-

ployees within the meaning of said Act, and do not, therefore, come under the provisions of the Act.

However, we are so fully convinced of the correctness of our conclusions above stated, that because of the defective caption of the amendment, appellant ·was not brought under the provisions of the Act, and consequently was not liable for the contributions and penalties sued for, we do not deem it necessary to prolong this opinion by discussion of the other points presented.

It follows, therefore, that the judgment of the trial court must be reversed and judgment here rendered for appellant, and it is so ordered.

Reversed and rendered.