

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0422-22

## EX PARTE TONYA COUCH, Appellant

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE SECOND COURT OF APPEALS
## TARRANT COUNTY

## NO. PD-0322-22

## EX PARTE GLENDA HAMMONS, Appellant

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE TENTH COURT OF APPEALS
## MCLENNAN COUNTY

**KEEL, J., delivered the opinion of the Court in which KELLER, P.J., and HERVEY, RICHARDSON, NEWELL, WALKER, SLAUGHTER, and MCCLURE, JJ., joined. YEARY, J., concurred.**

## O P I N I O N

The Appellants in these consolidated cases filed pretrial writs of habeas corpus challenging the facial constitutionality of portions of the statutes they were charged under. We granted review to decide the cognizability of their pretrial claims and the meaning of "immediate release"—release from what? We hold that facial challenges are cognizable in a pretrial writ of habeas corpus if a grant of relief would result in immediate release from prosecution for an alleged offense. Release from prosecution for every alleged offense is not required.

Our holding yields different results in these cases.

On the one hand, Couch's claim is not cognizable. Although she maintains that her indictment charges four offenses, she did not make that claim in the courts below, so we do not address that issue. If her indictments allege one offense committed via four different, alternative, statutory manner and means, she challenged the constitutionality of two of those purported manner and means in her habeas application, leaving two unchallenged. If she were granted relief, her single-count indictment would still stand, and trial on it could still proceed. A grant of relief on her claim would not result in her release from prosecution for the offense alleged in her indictment.

On the other hand, Hammons's claim is cognizable because she challenges the constitutionality of the statute defining two counts of her three-count indictment. If she were granted relief, she would be released from prosecution for two alleged offenses, and trial on those counts could not proceed though trial on the third one could.

## I. The Pretrial Writ of Habeas Corpus

"The writ of habeas corpus is the remedy to be used when any person is restrained in his liberty." Tex. Code Crim. P. art. 11.01. "Restraint" is "the kind of control which one person exercises over another, not to confine him within certain limits, but to subject him to the general authority and power of the person claiming such right." *Id*. art. 11.22. The remedy may be sought after indictment on a felony charge: pretrial. *Id*. art. 11.08.

Pretrial habeas is an extraordinary remedy. *Weise v. State*, 55 S.W.3d 617, 619 (Tex. Crim. App. 2001). It is available "only in very limited circumstances." *Ex parte Smith*, 178 S.W.3d 797, 801 (Tex. Crim. App. 2005) (per curiam). It "is reserved 'for situations in which the protection of the applicant's substantive rights or the conservation of judicial resources would be better served by interlocutory review.'" *Ex parte Ingram*, 533 S.W.3d 887, 891-92 (Tex. Crim. App. 2017) (quoting *Weise*, 55 S.W.3d at 620).

It is generally unavailable to test the sufficiency of a charging instrument. *Ex parte Doster*, 303 S.W.3d 720, 724 (Tex. Crim. App. 2010). But facial constitutional challenges to the statute defining the charged offense are allowed. *Ingram*, 533 S.W.3d at 892. Such claims challenge the trial court's power to proceed; if the statute is unconstitutional on its face, there is no valid statute, and the indictment is void. *Weise*,

55 S.W.3d at 620. In other words, certain claims that, "if meritorious, would bar prosecution or conviction" are cognizable in pretrial habeas. *Smith*, 178 S.W.3d at 801. But pretrial habeas is generally unavailable "when resolution of the question presented, even if resolved in favor of the applicant, would not result in immediate release." *Weise*, 55 S.W.3d at 619.

## II. Facial Challenges and Immediate Release

We have considered pretrial facial constitutional challenges to statutes defining offenses without conditioning their cognizability on "immediate release." *E.g., Ex parte Heartsill*, 118 Tex. Crim. 157, 159 (1931) (holding that an amendment to the desertion statute was unconstitutional, but Heartsill was not discharged because he was still constrained under the law in effect before the unconstitutional amendment); *Ex parte Meyer*, 357 S.W.2d 754, 755-56 (Tex. Crim. App. 1962) (holding that the penal provision in a section of the Election Code was void, but Meyer was not released because he could still be prosecuted for perjury); *Ex parte Crisp*, 661 S.W.2d 944, 948 (Tex. Crim. App. 1983) (holding that an amendment to the Controlled Substances Act was unconstitutional and invalid, but the appellants were not released because the original Controlled Substances Act remained in effect, and their indictments alleged acts that were offenses under that version).

More recently, *Ex parte Thompson*, 442 S.W.3d 325 (Tex. Crim. App. 2014), and *Ex parte Lo*, 424 S.W.3d 10 (Tex. Crim. App. 2013), reviewed pretrial habeas claims raising First Amendment challenges to the statutes that defined the charged offenses, but

the opinions did not mention "immediate release."   *Thompson* said a "facial challenge to the constitutionality of a statute that defines the offense charged may be raised by means of a pre-trial application for a writ of habeas corpus."   *Thompson*, 442 S.W.3d at 333 (citing *Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2010)).   In another recent example, *Ex parte Perry* mentioned immediate release but without requiring it for pretrial habeas cognizability; the nature of the constitutional right at issue entitled Perry to raise his claims by pretrial habeas.   *Ex parte Perry*, 483 S.W.3d 884, 895 (Tex. Crim. App. 2016) (citing *Doster*, 303 S.W.3d at 724).

Still, a facial challenge to a statute underlying an alleged offense is not a guarantee of cognizability.   *E.g.*, *Ingram*, 533 S.W.3d at 892.   Ingram was charged with online solicitation of a minor and raised a facial challenge to the part of the statute that said that certain facts were not a defense to prosecution.   *Id*. at 890.   We called these "anti-defensive issues"—issues that benefit the State but that the indictment does not require the State "to prove from the outset."   *Id.* at 892.   They were "freestanding" in that they were "not attached to a defensive issue."   *Id.* at 893.   Ingram's facial constitutional challenge to the freestanding, anti-defensive issues was not cognizable because, if the challenge were meritorious, then the provisions could be severed from the rest of the statute, "and applying that remedy at the pretrial habeas stage would not terminate the prosecution."   *Id.* at 894.   Ingram's challenges to the rest of the statute defining the offense, however, were cognizable.   *Id.*

If the relief sought would not prevent prosecution, pretrial habeas is unavailable.

Headrick raised a collateral estoppel claim based on an administrative finding of no probable cause to suspend her driver's license in connection with a driving-while-intoxicated charge. *Headrick v. State*, 988 S.W.2d 226, 227 (Tex. Crim. App. 1999). Her claim was "not properly raised in an application for pretrial writ of habeas corpus" for two reasons, the second of which is pertinent here: Even if she were entitled to the relief she sought—a ruling granting her motion to suppress—"the State would not be prevented from pursuing the pending prosecution for" DWI. *Id.* at 228. The relief sought underscored the inappropriateness of entertaining her claim in pretrial habeas. *Id.*

## III. Application

## A. Couch

Couch challenged by pretrial habeas her four indictments for money laundering alleged to have occurred around December 3, 2015.[1] As charged here, a person commits money laundering if she knowingly "finances or invests or intends to finance or invest

---

[1] The four indictments largely overlap, and two of them are worded identically. The two identical indictments charge that Couch "did then and there knowingly finance or invest or intend to finance or invest funds of $30,000 or more but less than $150,000, that the defendant believed were intended to further the commission of criminal activity, to-wit: hindering apprehension[.]" One of the other two indictments adds an allegation that Appellant believed the funds were intended to further the commission of hindering apprehension "of Ethan Couch, an individual having engaged in delinquent conduct that violated a penal law of a grade of felony[.]" The last indictment says Couch "did then and there knowingly finance or intend to finance funds of $30,000 or more but less than $150,000 that defendant believed were intended to further the commission of criminal activity, to-wit: hindering apprehension of Ethan Couch, by withdrawing funds in cash in the amount of $30,000 from JPMorgan Chase Bank to finance the travel of defendant and Ethan Couch to Mexico[.]"

funds that the person believes are intended to further the commission of criminal activity." Tex. Penal Code § 34.02(a)(4). Couch sought pretrial habeas relief on grounds that the money-laundering statute is facially unconstitutional because it criminalizes thought—the intent to finance or invest. The trial court denied relief. The court of appeals upheld the trial court's ruling, concluding that § 34.02(a)(4) is not facially unconstitutional. *Ex parte Couch*, 629 S.W.3d 509, 517 (Tex. App.—Fort Worth 2021). Couch filed a PDR challenging the court of appeals' construction of the statute. We vacated the judgment of the court of appeals and remanded for the court of appeals to address the cognizability of Couch's claim.

On remand, the court of appeals noted that a challenge to a statute on overbreadth grounds usually can be raised in a pretrial habeas application. *Ex parte Couch*, 651 S.W.3d 523, 526 (Tex. App.—Fort Worth 2022). "But if the remedy for a successful challenge would be severance of the unconstitutional provision from the rest of the statute—resulting in charges remaining pending under the surviving part of the severed statute—then the overbreadth challenge is not cognizable in a pretrial habeas application." *Id.* If any unconstitutional part of the statute "could be severed in a way that Couch would still be subject to confinement, she would not be entitled to immediate release and, therefore, would not be entitled to raise her claim in a pretrial habeas application." *Id.* at 527. It held that, even if her claim were meritorious, she would not be immediately released, so her pretrial writ was not cognizable. *Id.* at 530.

The court of appeals described financing or investing or intending to finance or invest as different manner and means of committing money laundering and held that they could be severed from one another. *Couch*, 651 S.W.3d at 527-28. "Even if we were to agree with her on the merits, our remedy would be to sever the invalid manner and means from subsection (a)(4), leaving her subject to prosecution under the rest of the subsection and therefore ineligible for immediate release." *Id.* at 529-30.

According to Couch, however, intending to finance, intending to invest, financing, and investing are not manner and means but elements of money laundering and separate offenses. If so, she argues, then granting her pretrial writ would result in her immediate release from two of the charged offenses. And, if they are separate offenses, the jury must be unanimous about the conduct she engaged in: financing, investing, intending to finance, or intending to invest. She says these are the only acts listed in § 34.02(a)(4), and the State must allege and prove at least one of them, making them elements of the offense rather than manner and means that describe a criminal act. If the challenged portion of the statute creates a distinct offense, and that portion is unconstitutional, Couch questions whether the unconstitutional portion could be severed or if the entire statute is an unconstitutional offense.

But Couch did not make this separate-offenses argument until she was before this Court. She made it to neither the trial court nor the court of appeals. Since the court of appeals had no chance to address this issue, we will not address it, either. *See Stringer v. State*, 241 S.W.3d 52, 59 (Tex. Crim. App. 2007) (on discretionary review we do not

address issues that have not been decided in the court of appeals). If, as the court of appeals assumed, Couch is charged with one count of money laundering by four different manner and means, removing the "intends" allegations would not invalidate a whole charge against her; it would only invalidate two of four supposed manner and means. Because she attacks only part of the charge against her, and she would not be released from that charge even if relief were granted, her claim is not cognizable on pretrial habeas.

Couch points out that a general verdict of guilty would not show which purported manner and means the jury found. She is right. But if these are different offenses and not manner and means, then her indictment must be quashed. *See* Tex. Code Crim. P. art. 21.24(b) ("A count may contain as many separate paragraphs charging the same offense as necessary, but no paragraph may charge more than one offense."); *Martinez v. State*, 225 S.W.3d 550, 554 (Tex. Crim. App. 2007) ("When the State wishes to charge multiple offenses in a single indictment, it is required by statute to set out each separate offense in a separate 'count.'") (citing Tex. Code Crim. P. art. 21.24(a)); *Callins v. State*, 780 S.W.2d 176, 183 (Tex. Crim. App. 1986) (explaining ways a defendant should avail himself of the pleading limitations in article 21.24, including by filing a pretrial motion to quash the indictment). An adverse ruling on a motion to quash would preserve her claim for review on appeal, even if she were convicted with a general verdict.

A grant of relief on Couch's claim would not release her from prosecution for the offense alleged in her indictment. Her single-count indictment would still stand, and

trial on it could still proceed.   Consequently, her claim is not cognizable in pretrial habeas.

## B.   Hammons

Hammons was indicted for three counts of injury to a child.   Count 2 charged her under § 22.04(a)(3) with causing bodily injury to a child.   Her writ did not address that count, but only Counts 1 and 3.   Counts 1 and 3 charged her under § 22.04(a)(2) with causing serious mental deficiency, impairment, or injury to two children.   Hammons filed a pretrial writ challenging § 22.04(a)(2) as unconstitutionally vague for its failure to define "serious mental deficiency, impairment, or injury."   The trial court denied her claim.

The court of appeals affirmed the trial court's ruling.   *Ex parte Hammons*, 628 S.W.3d 335, 338 (Tex. App.—Waco 2021).   It said ordinary citizens understand the meaning of "serious mental deficiency, impairment or injury," and these terms are not impermissibly vague.   *Id*.   We refused Hammons's PDR without prejudice but granted review on our motion, vacated the judgment of the court of appeals, and remanded for the court of appeals to consider whether her claim was cognizable on pretrial habeas.   *Ex parte Hammons*, 631 S.W.3d 715, 716 (Tex. Crim. App. 2021).

On remand, the court of appeals considered whether the alleged defect in the indictment would cast doubt on the trial court's power to proceed and whether resolution of the question in Hammons's favor would result in her immediate release.   *Ex parte Hammons*, 646 S.W.3d 929, 930 (Tex. App.—Waco 2022) (citing *Weise*, 55 S.W.3d at

619).   The court of appeals disagreed with Hammons that "immediate release" in pretrial habeas jurisprudence refers to the charge and not the entire prosecution.   *Hammons*, 646 S.W.3d at 930.

The court concluded that even if § 22.04(a)(2) were found to be facially unconstitutional, only Counts 1 and 3 of the indictment would need to be struck, and the prosecution could proceed on Count 2.   *Hammons*, 646 S.W.3d at 930.   Because Hammons would not be "immediately released" from the restraint of the charge in Count 2, the court of appeals said her claim about the facial unconstitutionality of § 22.04(a)(2) is not cognizable in a pretrial writ of habeas corpus.   *Hammons*, 646 S.W.3d at 930-31.

We hold otherwise because if Hammons's facial challenges were meritorious, Counts 1 and 3 would be void.   *See Weise*, 55 S.W.3d at 620.   Her prosecution or conviction would be barred.   *See Smith*, 178 S.W.3d at 801 ("the accused may raise certain issues which, if meritorious, would bar prosecution or conviction").   The trial court would be deprived of the power to proceed on those counts, and Hammons would be immediately released.   *See Ex parte Smith*, 185 S.W.3d 887, 892 (Tex. Crim. App. 2006); *Weise*, 55 S.W.3d at 619.

The State argues that Hammons's claim is not cognizable because even if it were resolved in her favor, she would still face prosecution for Count 2, so part of her indictment would still stand, and she would not be immediately released.   But she would be released from prosecution for two counts, and she would be no less released than if the State had charged her in separate indictments.

The State says Hammons has other adequate remedies that foreclose cognizability in pretrial habeas and cites *Rosseau* and *Long* as examples. *State v. Rosseau*, 396 S.W.3d 550, 552 (Tex. Crim. App. 2013) (considering a facial challenge litigated through a motion to quash); *Long v. Texas*, 931 S.W.2d 285, 287 (Tex. Crim. App. 1996) (addressing facial vagueness challenges on direct appeal). But the existence of such remedies did not foreclose facial constitutional challenges in other cases. For example, Perry's facial constitutional challenge was cognizable even though he had filed both a pretrial application for writ of habeas corpus and a motion to quash and dismiss the indictment. *Perry*, 483 S.W.3d at 890-91. And in *State v. Stephens* we considered the merits of a pretrial writ challenging the constitutionality of a Texas Election Code statute even though Stephens had filed both a motion to quash her indictment and a pretrial application for writ of habeas corpus. *State v. Stephens*, 663 S.W.3d 45, 47 (Tex. Crim. App. 2021).

The State points out that Hammons's three-count indictment is based on a single incident, so the facts and presentation of evidence will be the same even if the challenged counts are removed. Even so, Hammons would face trial for only one count, not three, under one statute, not two, with one complainant, not two.

The State argues that facial challenges should not turn on the specific facts of the case, and if facts must be developed, then the claim should not be cognizable on pretrial habeas. We agree, but Hammons's claim does not depend on factual development; her claim is a legal one that asserts that "serious mental deficiency, impairment, or injury" is

unconstitutionally vague.   Such claims are cognizable in pretrial habeas.   *E.g.*, *Ex parte Nuncio*, 662 S.W.3d 903, 923-27 (Tex. Crim. App. 2022).

## IV.   Conclusion

We affirm the judgment of the court of appeals in Couch's case and remand the case to the trial court.   We reverse the judgment of the court of appeals in Hammons's case and remand to the court of appeals for further proceedings consistent with this opinion.[2]

Delivered: October 25, 2023

Publish

---

2 The court of appeals may reconsider the merits of Hammons's claim or reissue its opinion on the merits that we previously vacated.   Hammons will then have the opportunity to file a PDR addressing the court of appeals opinion about the merits of her claim.