

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

October 31, 1951

Hon. Paul H. Brown
Fire Insurance Commissioner
Board of Insurance Commissioners
Austin, Texas

Opinion No. V-1336.

Re: Constitutionality of a rider
in the general appropriation
bill prescribing the method
of handling expense money
collected pursuant to Art.
4898, V.C.S.

Dear Sir:

You have requested an opinion of this office regarding the constitutionality of the following rider in the general appropriation bill for the biennium ending August 31, 1953:

"Provided also that such sums as are received by the Fire Division as provided by Article 4898 R.C.S. shall be deposited to the Departmental Suspense Account in the State Treasury. Expenses of State employees incident to the investigations shall be paid from travel expenses hereinabove appropriated and such travel expense appropriation shall be reimbursed for the actual amounts expended under the provisions of Article 4898 R.C.S. by a transfer from the amount on deposit in the Departmental Suspense Account." (H.B. 426, Acts 52nd Leg., R.S. 1951, ch. 499, p. 1228, at p. 1373.)

Your first question is as follows:

"Is this rider void and of no effect by virtue of Section 35, Article 3 of the Constitution by reason of the fact that the subject matter thereof is not quoted in the caption of H.B. No. 426? (Reference Attorney General's opinion V-1254, dated August 25, 1951, and cases cited.)"

The general rule as to captions is stated in San Antonio and A. P. Ry. v. State, 128 Tex. 33, 95 S.W.2d 680, 688 (1936), as follows:

". . . The generality of the title is no objection to it so long as it is not made a cover to legislation which by no fair intendment can be considered as having a necessary or proper connection. Joy v. City of Terrell (Tex.Civ.App.) 138 S.W. 213, 215; City of Aransas Pass v. Keeling, Atty. Gen., 112 Tex. 339, 247 S.W. 818.

"'It would be burdensome if not intolerable to require that the title should be as full as the act itself. The word "title" implies that no such requirement exists. The purpose of the constitutional provision is merely to reasonably apprise the legislators of the contents of tne bill, to the end that surprise and fraud in legislation may be prevented.' Doeppenschmidt v. I. & G. N. R.R. Co., 100 Tex. 532, 101 S.W. 1080, 1081."

Thus, so long as the title gives notice of the contents of the body of the act, there is no evil in generality. However, when the caption provisions are narrow and restrictive, portions of the act broader than the caption are unconstitutional. Att'y Gen. Op. V-1253 (1951).

We are of the opinion that the rider in question properly falls under the following portion of the caption to the general appropriation act: "An Act . . . prescribing certain specific procedures, rules, regulations, restrictions and limitations relating to and governing the expenditures of appropriations made herein . . ." The rider appropriates the funds collected by virtue of Article 4898, V.C.S., for certain designated uses and sets up the procedure for utilizing the appropriation. The title provision is general in form, but it gives sufficient notice of what is attempted by the rider; hence there is no violation of Article III, Section 35 of the Texas Constitution.

The remainder of your questions deal with the means of utilizing the required deposit, and the answers depend on a determination of whether this rider attempts to incorporate general legislation within an appropriation bill or to alter, amend, or repeal a general statute. If the rider does make such an attempt, it is unconstitutional. Att'y Gen. Op. V-1254 (1951). If not, the rider provisions must be followed.

Your questions are as follows:

"Is the rider invalid, illegal and ineffective by reason of the fact that it attempts to or does, in a general appropriation bill, repeal, modify, or amend an existing law, to wit: Article 4898?

"Does the rider effectually require an insurance company requesting an investigation of a fire and the State Insurance Commission to deposit in the State Treasury the funds evidencing the expenses of the State Fire Marshall or other suitable person to act for him, which funds are for expenses as provided in Article 4898?

"Are such funds, as provided in Article 4898 as expenses for the State Fire Marshal or other suitable person designated to act for him under the General Statute, Article 4898, such funds as become subject to legislative control or regulation by rider direction to an appropriation bill?"

Article 4898, V.C.S., provides:

"If for any reason the State Fire Marshall is unable to make any required investigation in person, he may designate the fire marshal of such city or town or some other suitable person to act for him; and such person so designated shall have the same authority as is herein given the State Fire Marshal with reference to the particular matter to be investigated by him, and shall receive such compensation for his services as the State Insurance Commission may allow. If the

investigation of a fire is made at the
request of an insurance company, or at
the request of a policyholder sustain-
ing loss, or at the request of the mayor,
town clerk or chief of the fire depart-
ment of any city, village or town in
which the fire occurred, then the expenses
of the Fire Marshal, clerical expenses,
witnesses and officers fees incident and
necessary to such investigation shall be
paid by such insurance company, or such
policyholder of such city or town as the
case may be, otherwise the expenses of
such investigation are to be paid as part
of the expenses of the State Insurance
Commission.  The party or parties, company
or companies, requesting such investiga-
tion, shall before such investigation is
commenced deposit with the State Insur-
ance Commission, a n  amount of money in
the judgment of said Commission sufficient
to defray the expenses of said Fire Mar-
shal in conducting such investigation."

The money that is required to be deposited
does not at the time of deposit become the property
of the State, since at that time its status is unde-
termined.  Only that portion of the deposit equal to
the actual expenses of the investigator will become
State property, and the remainder, if any, continues
to be the property of the person or firm requesting
the investigation.  The Legislature has, by general
statute (Art. 4388, V.C.S.), provided for the hand-
ling of funds "the status of which is undetermined,"
as follows:

"The State Treasurer shall receive
daily from the head of each Department,
each of whom is specifically charged with
the duty of making same daily, a detailed
list of all persons remitting money the
status of which is undetermined or which
is awaiting the time when it can finally
be taken into the Treasury, together with
the actual remittances which the Treasurer
shall cash and place in his vaults or in
legally authorized depository banks, if
the necessity arises.  The report from the

General Land Office shall include all
money for interest, principal and
leases of school, university, asylum
and other lands.  A deposit receipt
shall be issued by the Comptroller for
the daily total of such remittances
from each Department; and the cashier
of the Treasurer's Department shall
keep a cash book, to be called 'sus-
pense cash book,' in which to enter
these deposit receipts, and any others
issued for cash received for which no
deposit warrants can be issued or when
their issuance is delayed.  As soon as
the status of money so placed with the
Treasurer on a deposit receipt is de-
termined, it shall be transferred from
the suspense account by placing the por-
tion of it belonging to the State in
the Treasury by the issuance of a depos-
it warrant, and the part found not to
belong to the State shall be refunded.
When deposit warrants are issued, they
shall be entered in this cash book, as
well as any refunds, and the balance
shall represent the aggregate of the
items still in suspense.  Refunds shall
be made in a manner similar to that in
present use, except that separate ser-
ies of warrants shall be used for mak-
ing such refunds, to be called 'refund
warrants,' and such warrants shall be
written and signed by the Comptroller
and counter-signed by the Treasurer and
charged against the suspense funds to
which they apply.  Such warrants shall
then be returned to the Comptroller and
delivered by him to the person entitled
to receive them."

By the terms of the above Article, when the
status of the deposited money is determined,--in your
case, when the investigator's expense account is ap-
proved,--the Treasurer will transfer by warrant an
amount equal to the total of the expense account to the
Fire Insurance Division's Travel Expense Account, from
which a warrant may be issued to the investigator, and
by a refund warrant return the remainder, if any, to

the person or firm requesting the investigation.
Daniel v. Richcreek, 118 S.W.2d 935 (Tex. Civ. App.
1938), and Att'y Gen. Op. O-945 (1940).

The rider in question does not attempt to
alter, amend, or repeal any general statute.  The
provision requiring the money to be deposited to the
Department Suspense Account is in compliance with
Article 4388, V.C.S.  This portion of the rider mere-
ly reiterates the general statute and has no other
legal effect.  Att'y Gen. Op. O-1837 (1940).  The ap-
propriation in the rider is for the purposes set out
by Article 4898, V.C.S., and as such is proper and
valid.  Att'y Gen. Op. V-1267 (1951).  Therefore, you
are advised that the method of operation provided by
Article 4388, V.C.S., and the rider to the general
appropriation bill is the proper method of handling
and accounting for the funds in question.

## SUMMARY

The title to the general appropriation
bill for the biennium ending August 31, 1953,
is sufficiently broad and general to include
the rider (H.B. 426, Acts 52nd Leg., R.S.
1951, ch. 499, p. 1228, at p. 1373) regulat-
ing the disposition of funds deposited with
the Board of Insurance Commissioners to de-
fray the anticipated expenses of a fire in-
vestigator.

The rider does not attempt to alter,
amend, or repeal a general statute, but mere-
ly reiterates the requirements of Art. 4388,
V.C.S., a general statute prescribing the
method for handling funds "the status of which
is undetermined."

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

C. K. Richards
Trial & Appellate Division

Jesse P. Luton, Jr.
Reviewing Assistant

By E. Wayne Thode

E. Wayne Thode
Assistant

Charles D. Mathews
First Assistant

EWT:wb