Certified question from the Court of Civil Appeals for the Third Supreme Judicial District. The statement and question are as follows:
"Appellant brought this suit against appellee, seeking to recover damages upon the theory that the defendant wrongfully permitted Johnson grass to mature and go to seed upon its right of way, from *Page 534 
which it was washed to and upon the plaintiff's land, causing it to become infested with Johnson grass and materially damaged and its market value materially diminished.
"The trial court sustained a general demurrer and several special exceptions to the plaintiff's petition. The plaintiff has appealed and assigns as error the rulings referred to. This court is of the opinion that the special exceptions were not well taken and should have been overruled. We are also of the opinion that the plaintiff's petition states a cause of action within the purview of the Act of the Twenty-seventh Legislature prohibiting railway companies from permitting Johnson grass to go to seed upon their right of way, for the recovery of actual damages as well as the penalties prescribed by that Act.
"Following the ruling of this court in Gulf, C. S.F. Ry. Co. v. Stokes, 91 S.W. Rep., 328, the court below evidently held that so much of the Act as authorized a recovery for damages was unconstitutional, because not embraced in the caption of the Act. There being now some doubt as to the correctness of our former ruling, which was, to some extent, induced by an intimation of the Supreme Court in San Antonio A.P. Ry. Co. v. Burns, 87 S.W. Rep., 1147, we have concluded to certify, and do hereby certify, that question to the Supreme Court for decision. It is a material question presented for decision as will appear from copies of the briefs hereto attached and made part hereof.
"We formulate the question as follows: Is that portion of the Act referred to which permits the recovery of damages, in violation of section 35 of article 3 of the Constitution of this State, which provides that no bill shall contain more than one subject which shall be expressed in its title, and did the trial court err in so holding?
"In addition to the cases cited above, we respectfully refer to Johnson v. Martin, 75 Tex. 33, and Snyder v. Compton, 87 Tex. 374
[87 Tex. 374]."
We are of the opinion, that so much of the Act as allows a recovery of actual damages by an adjacent landowner against a railroad company for the spread of "Johnson grass" from the right of way of the company is not inoperative because not expressed in the title.
We here insert the Act including its title:
"An Act to prohibit railroad and railway companies or corporations in this State from permitting Johnson grass or Russian thistles from going to seed upon their right of way, and fixing a penalty.
"Section 1. Be it enacted by the Legislature of the State of Texas: It shall hereafter be unlawful for any railroad or railway company or corporation doing business in this State to permit any Johnson grass or Russian thistle to mature or go to seed upon any right of way, owned, leased or controlled by such railroad or railway company or corporation in this State.
"Section 2. If it shall appear upon the suit of any person owning, leasing or controlling land contiguous to the right of way of any such railroad or railway company, or corporation, that said railroad or railway company, or corporation has permitted any Johnson grass or Russian thistle to mature or go to seed upon their right of way, *Page 535 
such person so suing shall recover from such railroad or railway company or corporation, the sum of $25, and any such additional sum as he may have been damaged by reason of such railroad or railway company or corporation permitting Johnson grass or Russian thistle to mature or go to seed upon their right of way. Provided, any owner of land, or any person controlling land contiguous to the right of way of any such railroad or railway company, who permits any Johnson grass or Russian thistle to mature or go to seed upon said land, shall have no right to recover from such railroad or railway company as provided for in this Act."
The following is the section of the Constitution referred to in the question:
"Section 35. No bill (except general appropriation bills, which may embrace the various subjects and accounts for and on account of which moneys are appropriated), shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an Act which shall not be expressed in the title, such Act shall be void only as to so much thereof as shall not be expressed."
In the case of Johnson v. Martin (75 Tex. 33), the following proposition announced by Mr. Dillon was quoted with approval and was applied to the statute in question in that case: "This provision has been frequently construed to require only the general or ultimate object to be stated in the title, and not the details by which the object is to be attained. Any provision calculated to carry the declared object into effect is unobjectionable, although not specially indicated in the title. (1 Dill. on Mun. Corp., 28.)"
The subject of the Act is the permitting "Johnson grass" to go to seed upon the right of way of railroad companies in this State and the object is to prohibit such companies from allowing that result. To prohibit a corporation from doing an act or from allowing a result to be brought about, without providing means for the enforcement of the law, would in many cases be but an empty declaration. Hence in a statute the title of which is merely to prohibit the doing of an act or the allowing of a thing to be done, we would reasonably expect to find a provision or provisions for giving it force and effect; and hence it would seem that the statute in question would have been effective in all its parts if the words "and fixing a penalty" had been omitted. The right of action for damages and a penalty given to the contiguous land owners, are, in the language of Judge Dillon above quoted, "calculated to carry the declared object into effect" and are therefore "unobjectionable."
Now as we think, when the Legislature made it unlawful for a railroad company to permit "Johnson grass" to go to seed upon its right of way, any contiguous land owner who was injured by a violation of the statute would have had a right of action for his damages without any express provision to that effect. But if the act had provided merely a penalty, without mention of a right of action for damages, it might well be held, that no sanction other than the penalty was intended for its enforcement. (Gulf, C. 
S.F. Ry. Co. v. Moore, 98 Tex. 302.) Hence it is reasonable to presume, that when the Act was passed, the Legislature deemed it best not to leave this *Page 536 
matter to inference, but to express that the affixing of a penalty should not exclude a right of action for any damage that might be inflicted upon the adjacent land owner by a failure to obey the law.
It is clear that the Act in question contains but one subject; and that that subject is sufficiently expressed in the title unless the expression above quoted he held to limit the effect of the previous language. We are of the opinion that the rule that the expression of one thing excludes another should not be applied to the title of a statute. It would be burdensome if not intolerable to require that the title should be as full as the Act itself. The word title implies that no such requirement exists. The purpose of the Constitutional provision is merely to reasonably apprise the legislators of the contents of the bill, to the end that surprise and fraud in legislation may be prevented. We think the title in question sufficiently full to give reasonable notice of the contents of the Act, and therefore answer, that in our opinion, so much of the statute as gives a right of action to the owner of land contiguous to the right of way of a railroad company is valid.