The judgment is reversed, and the cause remanded.

## ROTNER v. STATE.

### No. 15429.

Court of Criminal Appeals of Texas.

Dec. 7, 1932.

Thompson & Barber, of Colorado, Tex., for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

CHRISTIAN, J.

The offense is attempt at arson; the punishment, confinement in the penitentiary for two years.

Appellant was convicted under the provisions of chapter 82, Acts of the Regular Session of the 42d Legislature (Vernon's Ann. P. C. art. 1316). He contends that the act is un-constitutional; the ground of the attack being that the penalty for attempt to commit arson, as set forth in article 1316, P. C., was changed, notwithstanding such change was not within the scope of the caption of chapter 82. We quote the caption of the act as follows: "An Act to amend Article 1316, Chapter 1, Title 17, of the Penal Code of 1925; further defining the offense of an attempt to commit arson; and declaring an emergency."

The body of the bill reads:

"Section 1. That Article 1316, Chapter 1, Title 17, of the Penal Code of 1925 be and the same is hereby amended so as hereafter to be and read as follows:

"'Article 1316. Any person who wilfully attempts to set fire to or attempts to burn or to aid, counsel, or procure the burning of the buildings or property mentioned in Title 17, of the Penal Code of 1925, shall be guilty of an attempt to commit the offense of arson, and shall upon conviction be sentenced to the penitentiary for not less than one nor more than five years. The placing or distributing of any inflamable, explosive, or combustible material, or any substance, of whatever character or kind, or any article or device in any building or property mentioned in the foregoing Article in an arrangement or preparation with intent to eventually, wilfully set fire to or burn said building or property, or cause said property or building to be burned, shall for the purpose of this act constitute an attempt to commit the offense of arson, and shall be punishable as provided.'"

Article 1316, Penal Code of 1925, reads as follows: "Whoever, by any means calculated to effect the object, attempts to commit the offense of arson, shall be confined in the penitentiary not less than two nor more than seven years."

It is observed that the penalty provided in chapter 82, supra, is not less than one nor more than five years, whereas, in article 1316, Penal Code, the penalty provided is not less than two nor more than seven years. There was a material change in the penalty. The caption of the amendatory act restricted the purpose of the bill to a change in the definition of the offense. The framers of the bill thus informed the public and their fellow legislators that the purpose of the bill was to change the definition. In changing the penalty, the bill went beyond the express limitation of its caption, and, under section 35 of article 3 of our Constitution and authorities, this destroyed its effectiveness as a law. Ex parte Heartsill, 118 Tex. Cr. R. 157, 38 S.W. (2d) 803, and authorities cited; Ex parte Faison, 93 Tex. Cr. R. 403, 248 S. W. 343. We quote from Ex parte Heartsill, supra, as follows: "It has been held by the courts that when the express verbiage of such title limits and restricts the purpose of the bill, any at-

 

tempt to legislate otherwise in such bill variant from the purpose prescribed, is in excess of the legislative power, and that a law subject to this complaint is unconstitutional."

In his charge the court submitted the provisions of the amendatory act, which are materially different from the old law.

■ The law in effect prior to' the enactment of chapter 82 will be again recognized as the law of this state; there being nothing in said chapter expressly repealing article 1316, Penal Code. The indictment appears to be sufficient, under the provisions of article 1316, Penal Code. Hence, instead of reversing the judgment and ordering the prosecution dismissed, it becomes proper to reverse the judgment and remand the cause.

We deem the evidence insufficient to support the conviction. See Pozil v. State, 104 Tex. Cr. R. 244, 283 S. W. 846. However, in view of the fact that the evidence may not be the same on another trial, we pretermit a discussion of the question.

The judgment is reversed, and the cause remanded.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.