## L. A. GILBERT V. THE STATE.

No. 15593. Delivered February 1, 1933.
Reported in 56 S. W. (2d) 880.

The opinion states the case.

*Lovett & Lovett* and *Davis, Jester & George,* all of Corsicana, for appellant.

*Lloyd W Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Attempt to commit arson is the offense; penalty assessed at confinement in the penitentiary for one year.

The prosecution is for violation of article 1316, P. C., as it appears in chapter 82, Acts of the 42nd Legislature, Regular Session, page 124, which is an act to amend article 1316, as it appears in chapter 1, title 17, P. C., 1925. The penalty prescribed in article 1316, as it appears in the revision of the Penal Code of 1925 is *not less than two nor more than seven years.* The penalty prescribed in chapter 82 amending article 1316, is confinement in the penitentiary for *not less than one nor more than five years.* The caption of chapter 82 is as follows: "An Act to amend Article 1316, Chapter 1, Title 17, of the Penal Code of 1925; further defining the offense of an attempt to commit arson; and declaring an emergency."

The omission from the caption of any notice of an intention to change the penalty renders the amending act inoperative. The subject is discussed at length in the case of Rotner v. State, 55 S. W. (2d) 98. The invalidity of the amending act because of its failure to comply with the demand of the Constitution, art. 3, sec. 35, leaves in force article 1316, as it appears in the Penal Code, and the prosecution for the offense is permissible thereunder.

The judgment is reversed, and the cause remanded.

*Reversed and remanded.*