# JANUARY 24, 1934

### EX PARTE JESUS GARCIA.

No. 16508.   Delivered December 20, 1933.
Rehearing Denied January 24, 1934.
Reported in 67 S. W. (2d) 609.

The opinion states the case.

*Leroy Denman Moody,* of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—From an order remanding him upon a hearing of his habeas corpus application in a district court at San Antonio, appellant has appealed, and insists that chapter 276 Acts of Regular Session, 42nd Legislature amending the statute in regard to desertion of wife and children, is unconstitutional for the reason that the act attempts to enact things beyond the scope of its caption.

Appellant is charged with wilful desertion of and failure to support his minor children.   If we get his first point, it is that since this court in Ex parte Heartsill, 118 Texas Crim. Rep., 157, held unconstitutional the act of the 41st Legislature, amending article 602, 1925, P. C., thus leaving article 602 of the 1925 P. C., effective, as it was prior to such amendment, it was seriously wrong for said chapter 276, both in the caption and the body of the act, to refer to that which was intended to be

amended as "article 602 of the Penal Code, *as amended*." It is urged that the lawmakers should have omitted, both in the caption and section 1 of the act, the words "as amended" inasmuch as the purpose of chapter 276, supra, was to amend the original article 602 of the 1925 Penal Code.

We think the complaint, while technically correct, not one of substance. When this court's opinion in the Heartsill case, supra, was handed down on May 31, 1931, and before motions for rehearing were acted upon, Senate Bill 628, now chapter 276, supra, was introduced, and its reference to article 602 "as amended," was not then without propriety. Said Senate Bill was finally passed and signed by the Executive on June 1, 1931, and the application for leave to file second motion for rehearing in the Heartsill case was not acted upon by this court until June 10, 1931. The amendment, therefore, was not finally stricken down until after the new law, which is chapter 276, supra, was not only introduced but passed and became effective. We see nothing in this contention.

Appellant further asserts that the change in penalty in the new law, which makes a felony of what under old article 602 was but a misdemeanor, was not within the scope of the proposed amendment as outlined in the caption of the act. The caption is very long and speaks for itself, and will not be here set out in full, but it is therein set out as part of the proposed amendment as follows: "Prescribing fines, penalties and punishments," and same is therefore different from the caption of the act referred to in Rotner v. State, 55 S. W. (2d) 98, and Gilbert v. State, 56 S. W. (2d) 880, cited by appellant, both of which discuss and have reference to a caption which outlined the purpose of the act following as "Further defining the offense of an attempt to commit arson, and declaring an emergency," in which cases it was held that this language in the caption did not embrace a change in the penalty from that of the law as it was before the statute was amended. Reverting to the caption in the instant case, we observe that notice is plainly given in the caption of the intended enactment of a law with penalties and punishments, such as the lawmakers deemed appropriate.

Being unable to agree with any of the contentions of appellant, and finding no error in the action of the trial court in remanding appellant, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant takes issue with our statement in the original opinion that the holding in Rotner v. State,

210

55 S. W. (2d) 98, is not controlling in the present case. In Rotner's case, we were dealing with a law which changed the penalty in the body of the act, whereas the caption omitted any reference to the "penalty," but conveyed only the idea of a proposed change in the definition of the offense. Such is not true of the caption we are now dealing with. It specifically gives notice that the body of the act proposed to prescribe "fines, penalties and punishments."

The motion for rehearing is overruled.

*Overruled.*