**EVANS et al. v. FIRST NAT. BANK OF WACO.**

No. 1852.

Court of Civil Appeals of Texas. Waco.

Feb. 11, 1937.

Rehearing Denied March 4, 1937.

W. V. Dunnam and F. M. Fitzpatrick, both of Waco, for appellants.

Sleeper, Boynton & Kendall, of Waco, for appellee.

ALEXANDER, Justice.

This suit was brought by the First National Bank of Waco against W. P. Evans and F. M. Compton to recover on a promissory note in the sum of $4,230.76, executed by the defendants on December 31, 1930, and payable to the plaintiff. The trial court instructed a verdict for plaintiff, and the defendants appealed.

A brief preliminary statement will aid in an understanding of appellants' contention to be hereinafter considered. The obligation sued on arose in this manner. In 1920, the Lake Oil Company, a corporation of which appellants, Evans and Compton, and one Ed Archer were stockholders and directors, was indebted to the Central National Bank of Waco for approximately $22,000. Said corporation was insolvent. There is some dispute in the evidence as to whether said directors were indorsers on the notes of said corporation to the bank, but, since the trial court instructed a verdict, we must resolve that doubt in favor of appellants. At any rate, for the purpose of liquidating the indebtedness of said corporation to the bank, the said Evans, Compton, and Archer executed and delivered to the bank their three notes in the sum of $7,561.15 each. Each of said makers was principal on one of said notes and surety on the other two. The two notes on which Evans and Compton were principals have been paid and require no further consideration. There was evidence that, at the time the note on which Archer was principal was signed, it was understood among all the parties, including the bank, that Archer would secure the payment of his note by a deed of trust lien on 244 acres of land in Hill county, and that a representative of the bank agreed to see to it that the deed of trust was properly executed and recorded. There was some delay in executing the deed of trust and, after its delivery, the bank, through inadvertence or carelessness, caused it to be recorded in McLennan county instead of Hill county, so that before it was actually recorded in Hill county another party had secured a prior lien on the same land for approximately its value. Archer went in bankruptcy in December 1921, and Evans and Compton, as his sureties, were left

with the responsibility of discharging his obligation to the bank. The bank did not file any claim in the Archer bankruptcy proceeding. Thereafter, in August, 1923, Evans and Compton, with full knowledge of the fact that the bank had failed to secure a prior lien on Archer's land in Hill county and had failed to file a claim in the Archer bankruptcy proceeding, executed and delivered their note to the bank for the sum of $9,320.76 in renewal of the amount previously owing on the old note on which Archer was principal and Evans and Compton were sureties. The assets of the Central National Bank were taken over by the First National Bank of Waco, appellee herein, and thereafter, in 1927, Evans and Compton executed and delivered to appellee a new note for $4,320.76 in renewal of the balance unpaid on the note previously executed by them to the Central National Bank in the sum of $9,320.76. This last note was again renewed by Compton and Evans in December, 1930, and is the note here sued on.

■ Appellants' first contention is that the note sued on was executed without any consideration. From the above statement, it is apparent that the question to be determined is whether or not the original note executed by Archer, as principal, and Evans and Compton, as sureties, was with or without a valuable consideration. For, if that note was supported by a valuable consideration, the note here sued on, which represents a renewal of the balance due on the original note, is likewise supported by a consideration. The original indebtedness was owing by the Lake Oil Company and was evidenced by the notes of said corporation, payable to the bank. W. P. Evans testified that the three notes originally executed by himself, Compton, and Archer to the Central National Bank were executed for the purpose of taking up and discharging the Lake Oil Company's obligation to the bank. Compton testified to the same effect. The vice-president of the bank testified that the Lake Oil Company's notes were canceled and returned in return for the notes executed by Compton, Evans, and Archer. If said notes were executed for the purpose of discharging the Lake Oil Company's obligation to the bank, as admitted by the parties, then said notes were supported by a valuable consideration. 10 Tex.Jur. 146; Gauss-Langenberg Hat Co. v. Alley (Tex.Civ.App.) 154 S.W. 1062; Bass v. Wallace (Tex.Civ.App.) 199 S.W.

506; Van Wormer v. Gallier (Tex.Civ. App.) 196 S.W. 307; Peter v. First National Bank (Tex.Civ.App.) 92 S.W.(2d) 1079, par. 3. It necessarily results that the several renewal notes, including the last one, which forms the basis of this suit, is supported by a valuable consideration.

■ The appellants, by executing renewal notes in 1923, 1927, and 1930, with full knowledge of all the facts, thereby waived any right that they might have had to complain of the action of the bank in failing to properly secure a lien on the 244 acres of land in Hill county and in failing to file the claim in the Archer bankruptcy proceedings. 8 C.J. 464, 704, 709; Mary Couts Burnett Trust v. Samuels (Tex.Civ. App.) 59 S.W.(2d) 358.

■ Archer was adjudged a bankrupt in 1921. On May 1, 1924, after his discharge in bankruptcy, he executed new notes, payable to the bank, for an amount equal to the indebtedness formerly owing by him to the bank. After Archer's death, the bank brought suit against the representative of his estate to recover on said notes, but judgment was rendered for the defendant in said suit. Appellants present a twofold contention in this respect. It is first contended that the bank, by accepting new notes from Archer after his discharge in bankruptcy and by seeking a recovery thereon, elected to accept Archer as being liable for said indebtedness and thereby released appellants, and further, since Archer was originally primarily liable for said debt and appellants were merely sureties therefor, no recovery against appellants could be had until judgment was first had against Archer, and, since the bank failed to recover against his estate, it was not entitled to recover against appellants herein. The facts do not sustain appellants' contentions. The evidence shows that, after Evans and Compton had executed new notes to the bank to cover the indebtedness previously owing by Archer as principal and themselves as sureties, the said Evans and Compton, in order to protect their own interests, induced Archer to execute the new notes in question, payable to the bank, and thereafter they delivered said notes to the bank. There is no evidence that 'the bank again agreed to accept Archer as primarily liable and to release appellants or to look to them as being only secondarily liable therefor. The vice-president of the bank testified that the bank held the Archer notes merely as collateral

to secure payment of the renewal note previously executed by Evans and Compton, and that the suit was brought on said notes against the Archer estate at appellants' request and for their benefit. The record discloses that, at the time said suit was brought, the appellants executed and delivered to the bank a written instrument requesting the bank to bring suit on said notes in its name and stipulating that by bringing the suit in the name of the bank it was not in anywise to affect appellants' liability to the bank on the notes previously executed by them. They also agreed to indemnify the bank for all costs incurred in bringing the suit. During the trial of said suit against the Archer estate, the appellants signed written pleadings filed therein in which they authorized the bank to waive all right to recover anything over and above the sum of $4,320.76. It became an issue in the trial of that case as to whether or not the notes sued on therein actually belonged to the bank, and the jury, in answer to special issues, found that the bank was not the owner of the notes; that Archer had not authorized Compton to deliver said notes to the bank; and that said suit was being prosecuted in the name of the bank solely for the use and benefit of Compton and Evans. It was upon this theory that the bank was denied a recovery against Archer's estate on said notes. Evans and Compton made themselves parties to that suit by filing written pleadings therein, and were therefore bound by the consequences. Appellants' contentions in this respect are overruled.

We have considered all other assignments of error and find them without merit.

The judgment of the trial court is affirmed.