W. G. STUM v. THE STATE.

No. 23939. Delivered February 25, 1948.

*Doyle H. Willis* and *Oliver W. Fannin, Jr.,* both of Fort Worth, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted upon a charge alleging that he did, on the 15th day of September, 1947, take 200 minnows from the Brazos River in Hood County, Texas. It is further alleged that he is not a resident of Hood County but was a resident of Tarrant County, and that he took said minnows for commercial purposes with the intent to sell them in Tarrant County, The fine assessed was $25.00.

Timely objection was made to the complaint and information. The State's Attorney, in his brief, concedes that the prosecution is by reason of an Act of the 50th Legislature, found at page 727, General and Special Laws, and being Chapter 362. The caption, or title, to said bill is as follows:

"An Act amending House Bill No. 919, Chapter 50, page 800, Special Laws 1939, Regular Session 46th Legislature, Sections 1 and 2, as amended by Senate Bill No. 128, Acts 1947, 50th Legislature, *regulating and providing for the taking of minnows in Erath and Hood Counties for personal use by residents of said counties on their own premises;* and providing that such persons may use such minnows for personal and commercial purposes and for sale at any time; providing a penalty; providing a savings clause; and declaring an emergency." (Emphasis added.)

It will be noted that the title relates only to that part of the act regulating and providing for the taking of minnows in Erath and Hood Counties for personal use by residents of said counties on their own premises, and giving them the privilege of disposing of them as they please. In the body of the bill, however, we find a provision relating to non-residents of the counties of Hood and Erath and prohibiting them from taking minnows from public streams for commercial purposes. It is under such provision that this prosecution was instituted. We cannot give effect to such provisions of the act as were not provided for in the caption. Section 35 of Article 3 of the Constitution of Texas reads as follows: "Sec. 35. No bill, (except general appropriation bills, which may embrace the various subjects and accounts, for and on account of which moneys are appropriated) shall contain more than one subject, *which shall be expressed in its title*. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof, as shall not be so expressed." (Emphasis added.)

While it has been held that liberal construction should be given to this provision, it is, nevertheless, mandatory. In a bill like that under consideration where there is no reference whatsoever to the part which prohibits non-residents from fishing in public streams, it cannot be the subject of construction. That part of the act referring to taking minnows from public streams, and which relates to non-residents of the counties of Hood and Erath, fails to comply with the Constitution and is null and void. No opinion is expressed as to the remainder of the Act.

The judgment of the trial court is reversed and the prosecution ordered dismissed.