

# THE ATTORNEY GENERAL

# OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

February 6, 1958

Honorable A.W. Lair
Criminal District Attorney
Randall County
Canyon, Texas

Opinion No. WW-352

Re: Validity of cer-
tain provisions
of Senate Bill 222,
55th Legislature,
Regular Session.

Dear Mr. Lair:

Your request for an opinion reads as follows:

"A complaint is now pending before the
Grand Jury of Randall County, Texas, which is
based on the provisions of the captioned bill.
One of the defendants in the case is an of-
ficer of an insurance company in the State of
Texas and if indicted, would have to be in-
dicted under the provision of Senate Bill 222,
which makes the giving of a gift by an officer
of an insurance company to a member of the
State Board of Insurance or its agents and
employees a felony offense.

"An examination of the title of Senate
Bill 222 reveals that it does not mention
as a purpose of the bill, that a gift by an
officer of an insurance company to a member
of the Board or its agents or employees shall
be unlawful or that a penalty shall be set. As
I interpret Article 3 of the Texas Constitution,
under Section 35, and its annotations, the failure
to set out this purpose in the caption is fatal
to the validity of that portion of the bill.

"May I please have your opinion concerning
the validity of Senate Bill 222 as to the crimi-
nal responsibility of officers of Texas insurance
companies for making gifts to members of the Board
or its employees and agents in view of the failure
of this purpose appearing in the title."

Article III, Section 35 of the Constitution of Texas provides:

"No bill, (except general appropriation bills which may embrace the various subjects and accounts for and on account of which moneys are appropriated) shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed."

Section 5 of Senate Bill 222 (Chapter 499, Acts of the 55th Legislature, Regular Session) reads:

"Sec. 5. Chapter 1 of the Insurance Code is amended by adding after Article 1.09-2 the following Article 1.09-3, which shall read as follows:

"'Article 1.09-3. Certain Acts Shall Be Unlawful.

"'(a) It shall be unlawful for any member of the State Board of Insurance, Commissioner of Insurance, or any employee or agent of the State Board of Insurance to accept any money, gift or anything of value or agree to accept any money, gift or anything of value, or to sell or offer to sell anything of value, or to buy or offer to buy anything of value from or to any insurance company or agent or employee of any insurance company.

"'It shall be unlawful for any officer, agent or employee of any insurance company to give or offer to give money, a gift or anything of value, or to pay or offer to pay money or anything of value, to any member of the State Board of Insurance, Commissioner of Insurance, or any agent or employee of the State Board of Insurance.

"'The provisions of this Article shall not apply to transactions between such persons as insureds or insurers provided the customary premiums are paid by the insureds.

"'Any person violating the provisions of this Article shall upon conviction be confined in the penitentiary for not less than one year nor more than five years.'" (Emphasis added.)

The portion of the title of Senate Bill 222 which refers to this amendment reads:

"An Act amending * * * by adding to the Insurance Code Articles * * * and 1.09-3; * * * making certain acts of members of the Board, the Commissioner, and their employees unlawful and fixing penalties therefor; * * *."

The title of Senate Bill 222 states the purpose to make "certain acts of members of the Board, the Commissioner, and their employees unlawful," but does not state the further purpose to make certain acts of officers, agents and employees of insurance companies unlawful. If a statute by its title appears to affect only certain groups of individuals, while the provisions in its body affect other groups also, the title is misleading and the act in unconstitutional insofar as it affects the unnamed groups. Stum v. State, 151 Tex. Crim. 436, 208 S.W.2d 633 (1948); De Silvia v. State, 88 Tex. Crim. 634, 229 S.W. 542 (1921); Sutherland v. Board of Trustees of Bishop Independent School Dist., 261 S.W. 489 (Tex.Civ.App. 1924, error ref.). For other authorities see Att'y.Gen. Op. WW-225 (1957).

The only reference in the title of Senate Bill 222 which might give notice of the portion of Article 1.09-3 under consideration is the recitation that Article 1.09-3 is being added to the Insurance Code. It has been held that a reference in the title of an amendatory act to the article number being amended, without describing the subject matter of the article or specifying the changes made by the amendment, is sufficient to allow any amendment germane to the subject treated in the article referred to. Walker v. State, 134 Tex. Crim. 500, 116 S.W.2d 1076 (1938); Cernock v. Colorado County, 48 S.W.2d 470 (Tex.Civ.App., 1932). But this rule has never been extended to include the addition of a new article embracing a subject not theretofore covered by the statute being amended. See Board of Water Engineers v. City of San Antonio, 283 S.W.2d 722 (Tex. Sup. 1955). Furthermore, if the title, after having recited the number of the article being amended, specifies the particular field an amendment is to cover or states a purpose to make a certain change in the law, the amendatory act is limited to the making of the change designated and precludes any additional, contrary or different amendment. Walker v. State, supra; Quinn v. Home Owners' Loan Corporation, 125 S.W.2d 1063 (Tex. Civ.App. 1939, error dism.).

Since the description of the subject matter of Article 1.09-3 in the title of Senate Bill 222 does not embrace acts of officers, agents and employees of insurance

Hon. A.W. Lair, page 4 (WW-352)

companies, we are compelled to hold that the portion of this article which attempts to make certain acts of these individuals unlawful is void.

## SUMMARY

The title of Senate Bill 222, Chapter 499, Acts of the 55th Legislature, Regular Session, 1957, does not give notice of the provision in Article 1.09-3 of the Insurance Code, added as a new article by Section 5 of Senate Bill 222, which provides that it shall be unlawful for an officer, agent or employee of an insurance company to make a gift or payment to any member of the State Board of Insurance, the Commissioner of Insurance, or an employee of the Board. This portion of Article 1.09-3 is therefore void. Tex. Const. Art. III, Sec. 35.

Yours very truly,

WILL WILSON
Attorney General of Texas

By *Mary K. Wall*

Mary K. Wall
Assistant

MKW:bh

APPROVED:

OPINION COMMITTEE
Geo. P. Blackburn, Chairman

Jack Goodman

J. Mark McLaughlin

Ralph Rash

REVIEWED FOR THE ATTORNEY GENERAL
BY:
　　W.V. Geppert