ROBERT MENNET FOUGA v. STATE

No. 33,719. November 8, 1961
Motion for Rehearing Overruled December 6, 1961

*Ralph E. Cadwallader,* San Antonio, for appellant.

*Charles J. Lieck, Jr.,* Criminal District Attorney, *Richard M. Casillas, Andrew L. Jefferson, Jr.,* Assistants Criminal District Attorney, San Antonio, and *Leon Douglas,* State's Attorney, Austin, for the state.

McDONALD, Judge.

Appellant was convicted of the misdemeanor offense of wilfully deserting, neglecting, or refusing to provide for the support and maintenance of his children under eighteen years of age, in violation of Art. 602, V.A.P.C., as amended by Senate Bill 47, Chap. 222, Regular Session of the 56th Legislature, page 504. Trial was had before the court without the aid of a jury, upon a plea of not guilty. The court found appellant guilty and punishment was assessed at confinement in the county jail for a period of six months.

Appellant contends that Art. 602, supra, under which he was tried and convicted, is unconstitutional because said article, as enacted by the Regular Session of the 56th Legislature, contains more than one subject —his contention being that the definition of acts which constitute a misdemeanor and the definition of acts which constitute a felony cover more than one subject. Appellant further contends that the caption of the act amending the statute in question omits mentioning an intent to change the penalty provided for in the body of the act. It is appellant's position that these contentions advanced by him make the act unconstitutional as being contrary to Art. 3 of Sec. 35 of our Constitution, which says, in substance, that no bill, with certain exceptions (being general appropriations bills) shall contain more than one subject, which shall be expressed in its title.

The caption of the act that appellant complains of reads as follows:

"An Act amending Article 602, Penal Code of Texas, 1925, and adding a new Article to be numbered Art. 602-A, so as to define what shall constitute wilfully deserting, neglecting or refusing to provide for the support and maintenance of a wife in necessitous circumstances and to define what shall constitute wilfully deserting, neglecting or refusing to provide for the support and maintenance of one's child or children under eighteen years of age; fixing a penalty; providing that a second conviction for a like offense and conviction for deserting and leaving the state shall be a felony; providing for a severance of any part of this Act held invalid; and declaring an emergency."

Briefly, Art. 602, as enacted by the Regular Session of the 56th Legislature, defines the offense of wilfully deserting, neglecting, or refusing to provide for the support and maintenance of a wife in necessitous circumstances and the offense by either parent of wilfully deserting, neglecting, or refusing to provide for the support and maintenance of a child or children under eighteen years of age. The offense is made a misdemeanor punishable by confinement not to exceed two years in jail.

The act, as amended, raised the age of children from "under sixteen years of age" to "under eighteen years of age." The prior act provided for confinement in the penitentiary for not more than two years and also contained a provision for confinement in jail and a provision for a fine of not less than $25 nor more than $500, or by such fine and imprisonment in jail.

Art. 602-A is identical to Art. 602, except that Art. 602-A makes a subsequent offense a felony, so the question here presented is whether the caption of Senate Bill 47, as passed by the Regular Session of the 56th Legislature, was sufficiently broad to authorize the enactment hereinabove summarized.

Appellant relies upon Rotner v. State, 122 Tex. Cr. Rep. 309, 55 S.W. 2d 98, and Gilbert v. State, 122 Tex. Cr. Rep. 542, 56 S.W. 2d 880. Both cases cited by appellant involved the same act and caption —namely, Art. 1316 of the Penal Code, which was "An Act to amend Article 1316, Chapter 1, Title 17, of the Penal Code of 1925; further defining the offense of an attempt to commit arson; and declaring an emergency." The caption made no mention whatsoever of any penalty to be included in the amending article. Its purpose was clearly restricted to "further defining the offense of an attempt to commit arson."

The legislature, in those two cases, not only added to the ingredients compounding the crime in further defining the offense, but actually made a change in the penalties therefor.

As stated by Judge Christian in the Rotner case, supra:

"There was a material change in the penalty. The caption of the amendatory act restricted the purpose of the bill to a change in the definition of the offense. The framers of the bill thus informed the public and their fellow legislators that the purpose of the bill was to change the definition. In changing the penalty, the bill went beyond the express limitation of its caption, and, under section 35 of article 3 of our Constitution and authorities, this destroyed its effectiveness as a law."

In Gilbert v. State, supra, Judge Morrow stated:

"The omission from the caption of any notice of intention to change the penalty renders the amending act inoperative."

We do not think the 56th Legislature was laboring under such restriction. To the contrary, the caption of the enactment under review in clear and unambiguous language placed the public and the legislature on notice that the purpose of the act was, among other things, to add "a new article," fix "a penalty," and to provide for a second conviction and conviction for deserting and leaving the state. We think there is no semblance or analogy between the authorities cited by appellant and this case.

We think the case of Ex parte Garcia, 125 Tex. Cr. Rep. 208, 67 S.W. 609, is controlling here. In that case, as in the instant case, this court had Art. 602 V.A.P.C., for review. In Garcia, the amendatory act made a felony of what theretofore had been a misdemeanor. Appellant there asserted that the change in penalty in the new law was not within the scope of the proposed amendment "prescribing fines, penalties and punishments." Judge Lattimore distinguished Garcia from Rotner and Gilbert, both of which cases were cited by appellant in Garcia's case. On motion for rehearing in the latter case, Judge Hawkins said:

"Appellant takes issue with our statement in the original opinion that the holding in Rotner v. State, 55 S.W. 2nd 98,

is not controlling in the present case. In Rotner's case, we were dealing with a law which changed the penalty in the body of the act, whereas the caption omitted any reference to the 'penalty,' but conveyed only the idea of a proposed change in the definition of the offense. Such is not true of the caption we are now dealing with. It specifically gives notice that the body of the act proposed to prescribe 'fines, penalties and punishments.' "

As to the case at bar, the caption of the act gives notice that the purpose of the proposed enactment was to add a new article, define the offense, fix a penalty, provide for subsequent convictions, and for a conviction for desertion by leaving the state. In enacting the article under which appellant was tried, the 56th Legislature did nothing more than carry out its purpose as announced in the caption of the act.

Art. 3 of Section 35 of the Texas Constitution does not prohibit the enactment of a bill making the first offense a misdemeanor and subsequent convictions a felony.

We feel that the instant case was correctly disposed of by the trial court, and the judgment is affirmed.