## EX PARTE C. H. MEYER

No. 34,573.   May 30, 1962

WOODLEY, Presiding Judge, concurring.

*Adams & Browne,* by *Gilbert T. Adams,* Beaumont, for petitioner.

W. G. Walley, Jr., Acting Criminal District Attorney, Beaumont, Will Wilson, Attorney General of Texas, Norman V. Suarez, Assistant Attorney General, and Robert O. Smith (of Counsel), Austin, for respondent.

MORRISON, Judge.

Relator stands charged by indictment in the 136th Judicial District Court of Jefferson County with having falsely sworn to an affidavit which was required by the Election Code as to all gifts and loans received and payments made by him in behalf of his candidacy for the nomination for the office of sheriff of Jefferson County at the first primary election held on May 7, 1960.

By original application for writ of habeas corpus brought in this Court, relator prays for discharge from confinement by the constable of Jefferson County, who holds him by virtue of a commitment issued after the return of the indictment.

Relator challenges the validity of Subdivision (g) of Article 14.08 of the Election Code on the grounds that no penal provision is mentioned in the caption which reads as follows:

"An Act to adopt and establish an election code for the State of Texas, to revise and recodify Title 50 of the Revised Civil Statutes of 1925 of Texas, and all amendments thereto, to repeal all Acts in conflict herewith, provided, however, that nothing in this Act shall be construed as repealing or in any way affecting the legality of any penal provision of the existing law, and further provided that nothing in this Act shall in any wise alter, amend, or repeal House Bill No. 43, Acts, Regular Session, Fifty-Second Legislature; providing a saving clause; providing an appropriation; providing the effective date; and declaring an emergency."

In Ferrantello v. State, 158 Texas Cr. Rep. 471, 256 S.W. 2d 587, we said that, in passing upon the sufficiency of the caption, we were "testing whether the members of the Legislature, as a matter of fact, had notice from the caption that the body of the bill itself provided * * * ." Therein, we find the following:

"The reason underlying this constitutional requirement is that fraud and deception in the enactment of legislation is made less likely if the caption, which is often the only part of the bill read by busy members of the Legislature, fully apprises the members of the contents of the bill itself.

\*   \*   \*   \*

"Members of the Legislature need not be lawyers, and it is a matter of common knowledge that many are not \* \* \* ."

Section 35 of Article III of the Constitution prohibits the inclusion in a bill of any subject not expressed in the title.

Reliance is had by the State upon the opinion of the Supreme Court of this State in Ex Parte Jimenez, 317 S.W. 2d 189, 159 Texas 183, which upheld the constitutionality of that portion of Article 9.02 which related to the holding of a court of inquiry to expose fraudulent electoral practices. The question of the validity of a penal provision of the Election Code was not before the court in that case, and the same is not authority in the case at bar. We have here a statute which says in its caption that it purports to revise a *civil* statute, that the existing penal laws are not affected, and *nowhere gives notice to the Legislature or the public that any penal provisions are to be found in the Act.*

If the presence of notice to the Legislature and the public has caused a difference of opinion in this Court, after careful study and with the aid of able counsel, then it is apparent that such notice was not brought home to the members of the Legislature or the public.

In Texas-Louisiana Power Co. v. City of Farmersville, 67 S.W. 2d 235 (differentiated by the Supreme Court of this State in Ex Parte Jimenez, supra), wherein the caption failed to mention an important change in the law, the Supreme Court held that the caption of the Act in the power company case was misleading in that it affirmatively suggested that the Act did not contain the provision in question. We have here a caption which *affirmatively suggests that it contains no penal provision.*

Having concluded that the caption is insufficient under the holdings of this Court in Stum v. State, 151 Texas Cr. Rep. 436, 208 S.W. 2d 633; Ex Parte Heartsill, 118 Texas Cr. Rep. 157, 38 S.W. 2d 803; Rotner v. State, 122 Texas Cr. Rep. 309, 55 S.W. 2d 98; Ex Parte Hayden, 152 Texas Cr. Rep. 517, 215 S.W. 2d 620; and Doucette v. State, 166 Texas Cr. Rep. 596, 317 S.W. 2d 200, wherein *this* Court held that the caption of an Act failed to give notice or was misleading, we must necessarily hold the penal provisions in question to be void because of Section 35 of Article III of the Constitution. See also Fouga v. State, 351 S.W. 2d 240.

Relator's contention in this respect is sustained.

Such a holding in nowise affects the validity of Subdivision (b) or any of the other civil provisions of the Election Code.

Since Articles 262 to 269, V.A.P.C., were repealed by the Acts of 1959, 56th Legislature, page 34, chapter 22, section 1, we must determine on this habeas corpus hearing whether or not the facts set forth in the indictment constitute a violation of any valid penal statute. If so, relator is not entitled to be discharged. Ex Parte Hensley, 285 S.W. 2d 720.

Subdivision (b) of Article 14.02 of the Election Code (as amended in 1955, Acts, 54th Legislature, page 503) provides:

"(b) Each candidate whose name appears on the ballot at a first primary election or a special election and each opposed candidate whose name and whose opponent's name appear on the ballot at a general election *shall file a sworn statement,* not less than seven (7) nor more than ten (10) days prior to the day of each such election, of all gifts and loans previously received and of all gifts, loans and payments made and all debts incurred and obligations incurred or contracted for future use in behalf of such person's candidacy for office. The statements must include all such gifts, loans, payments, debts and obligations made or incurred, whether before or after the announced or filed candidacy of such person. Not more than ten (10) days after the election the candidate shall also file a supplemental sworn statement of all gifts and loans received prior to the election and of all gifts, loans and payments made and debts and obligations incurred prior to the election not specifically included in the sworn statement filed prior to the election."

Article 302, V.A.P.C., as it existed on May 7, 1960, read as follows:

"Perjury is a false statement, either written or verbal, deliberately and wilfully made, relating to something past or present, under the sanction of an oath, or such affirmation as is by law equivalent to an oath, where such oath or affirmation is legally administered, under circumstances in which *an oath* or affirmation *is required by law;* or is necessary for the prosecution or defense of any private right, or for the ends of public justice."

It is apparent that the Election Code (Subdivision (b) of Article 14.08) requires the filing of the affidavit in question. This being required by law is a sufficient basis for a prosecution for perjury.

Relief prayed for is denied.

WOODLEY, Presiding Judge, concurring.

As I see it, the Legislature had authority to adopt and establish an election code without repealing the penal provisions of existing statutes and to provide a punishment by fine or imprisonment for the violation of certain of its provisions, without any reference in the caption to its penal provisions. Ex Parte Jimenez, 159 Texas 183, 317 S.W. 2d 189, 193; Doeppenschmidt v. International and G.N.R. Co., 101 S.W. 2d 1080; Johnson v. Martin et al, 12 S.W. 321.

The provision in the caption that nothing in the election code shall be construed as repealing or in any way affecting the legality of any penal provision of the existing law does not suggest to me that the statute contains no penal provision. This is especially true because one or more of the acts for which a fine or imprisonment is provided in the election code do not appear to have been punishable as offenses under existing statutes.

Eliminating Art. 14.08 (g) and Arts. 262 to 269 P.C., I agree that the doing of the acts set forth in the indictment is punishable under Art. 302 P.C., which defines the offense of perjury, and that the relator should be remanded to custody.