

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

August 23, 1960

Honorable Henry Wade
Criminal District Attorney
Dallas County
Dallas, Texas

Honorable Monroe N. Clayton, Jr.       Opinion No. WW 917
County Attorney
Terry County                        Re:  Liability under Article
Brownfield, Texas                      489a, Penal Code, for a
                                             pistol being sold without
                                             the purchaser having a
                                           certificate of good charac-
                                           ter and for such a certifi-
                                           cate not being kept with the
                                           permanent records of the
Gentlemen:                                  dealer.

       This opinion is issued in response to your request for answers to the following three questions:

      (1)  May a person be prosecuted under Article 489a, Penal Code, for purchasing a pistol without having a certificate of good character?

      (2)  May a person be prosecuted under Article 489a, Penal Code, for selling a pistol to an adult who is not under the heat of passion, but who does not have a certificate of good character?

      (3)  May a person be prosecuted under Article 489a, Penal Code, for not keeping with the permanent records of the dealer the certificate of good character of the purchaser of a pistol?

       To each of the three questions asked a negative answer must be given on the basis of the opinion of the Court of Criminal Appeals of Texas in Doucette v. State of Texas, 317 S.W.2d 200 (Tex.Crim.App. 1958).

The Court in the Doucette case, which involved the sale of a pistol to a minor, stated in part as follows:

". . . [The contention is made] that the caption of Article 489a does not contain sufficient notice that the act itself prescribed a penalty for the sale of a pistol to a minor and is therefore invalid by virtue of Article III, Section 35, Constitution of Texas. . .

"We have examined the caption of Article 489a in the light of such contention and fail to find therein any intimation that the act itself purported to legislate upon the offense here involved. We find therein no mention of minors and agree with the . . . contention."

Article III, Section 35, Constitution of Texas, Vernon's Ann. Texas Stat., to which the opinion referred, states in part as follows:

"No bill . . . shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof, as shall not be so expressed."

The Court in the Doucette case thus found that the subject of an offense committed by selling a pistol to a minor was not embraced in the caption of Article 489a, Penal Code, or, in the wording of the Constitution, such subject was not embraced in the title of the bill in which Article 489a was included as Section 4, that is, H. B. No. 514, Acts of 42nd Leg. Reg. Sess., 1931, Chap. 267, page 447. H. B. No. 514 also included other sections which provided for an occupation tax and license for those dealing in pistols for profit, the keeping of records, and other matters.

Article 489a (as Section 4 of H. B. No. 514 shall be designated hereinafter in this opinion) states as follows:

"If any person shall knowingly sell, rent, or lease any pistol to a minor, or any other person under the heat of passion, he shall be guilty of a misdemeanor, or, if any person violates any of the provisions hereof, he shall be guilty of a misdemeanor, and upon conviction, punished by a fine of not less than ten dollars ($10) nor more than two hundred dollars ($200), provided that no person may purchase a pistol unless said purchaser has secured from a justice of the peace, county judge, or district judge, in the county of his or her residence a certificate of good character. Said certificate to be kept with the permanent record of the dealer. No person may purchase a pistol who has served a sentence for a felony.

"Nothing in this bill shall affect the law against carrying pistols."

The caption of H. B. No. 514, the bill which included Article 489a, states as follows:

"An Act imposing an occupation tax on certain persons engaging in the business of selling and otherwise disposing of pistols, as herein defined; providing for the obtaining of licenses by such persons; authorizing counties and municipalities to impose a tax; providing for the keeping of records; prescribing conditions incident to the sale of pistols under named conditions and providing the Act shall not affect the law relating to the carrying of pistols; prescribing offenses and fixing punishments; repealing Article 7068; making exceptions, and declaring an emergency."
(Emphasis added).

Article 489a, as observed from its text, provides in part that a person shall be guilty of a misdemeanor:

(a)  if he sells a pistol to a minor,
(b)  if he sells a pistol to an adult under the heat of passion,
(c)  if he buys a pistol without securing a certificate of good character, or
(d)  if he fails to keep with the permanent records of the dealer the certificate of good character of the purchaser of a pistol.

Consideration of the caption of H. B. No. 514, particularly those parts underlined above, results in the conclusion that each of the misdemeanors described in the previous paragraph of this opinion is to an equal extent either embraced or not embraced by the caption of the bill. Certainly each of the misdemeanors is equally a prescribed "offense", and certainly it is just as much a prescribed "condition incident to the sale" of a pistol that a buyer must be an adult, as that he must not be under the heat of passion and must have a certificate of good character.

Since the Court in the Doucette case has held that prohibiting the sale of a pistol to a minor is not embraced by the caption of H. B. No. 514 and therefore that such provision of Article 489a is invalid, the same reasoning must necessarily apply to those other acts prohibited by Article 489a concerning which this option was requested, since all have the same status as regards the caption.

With regard to the requirement that the certificate of good character of a purchaser be kept with the permanent records of the dealer, the obvious purpose of the Legislature in so requiring was to provide a means of enforcing the initial requirement that a purchaser of a pistol have such a certificate, that is, a means of determining when a violation of the initial requirement had occured.

Hon. Henry Wade and Hon Monroe N. Clayton, Jr., Page 4 (WW-917)

Since the initial requirement that a purchaser have a certificate of good character is not valid on the basis of the opinion in the Doucette case, the requirement that such a certificate be kept after the sale cannot stand by itself.

The Legislature, despite running afoul of Constitutional requirements concerning the contents of bills, must have believed that purchases by persons of good character were proper while purchases by others were not. Yet, to now find valid the requirement of Article 489a that such a certificate be kept, while finding invalid the initial requirement itself, would have the absurd result of creating an offense after a sale to a person who unnecessarily provided a certificate of his good character, but affecting in no way a sale to a person who did not or could not provide such a certificate.

Therefore, the requirement that the certificate of good character of a purchaser be kept with the permanent record of the dealer must be considered as being merely a part of the initial requirement that a purchaser have such a certificate, and, as such, both requirements are invalid on the basis of the opinion in the Doucette case.

SUMMARY

A person may not be prosecuted under Article 489a, Penal Code, for purchasing a pistol without having a certificate of good character.

A person may not be prosecuted under Article 489a, Penal Code, for selling a pistol to an adult who is not under the heat of passion, but who does not have a certificate of good character.

A person may not be prosecuted under Article 489a, Penal Code, for not keeping with the permanent records of the dealer the certificate of good character of the purchaser of a pistol.

Yours very truly,

WILL WILSON
Attorney General of Texas

By: Charles D. Cabaniss
Charles D. Cabaniss
Assistant Attorney General

APPROVED

OPINION COMMITTEE
W. V. GEPPERT, Chairman
Dean Davis
B. H. Timmins, Jr.
Henry Braswell
Marvin Brown

REVIEWED FOR THE ATTORNEY GENERAL
BY: Leonard Passmore